SOLOMON TIFFT *vs.* THE STATE OF MISSISSIPPI.

T. was indicted under the act of the legislature of 1842, which declares it
" unlawful for any person, being the owner or employer, or having the care
and control of any slave, or slaves, to permit or suffer them to reside or be
quartered in any lot, or in any out-house, in any incorporated town or city
in this state, unless such lot is immediately connected with the lot upon
which is the usual dwelling-house or residence of such person, or unless
the house in which such ·slaves reside, or are quartered, is upon such lot."
T. was charged in the bill of indictment, as the " agent or controller" of
the slave named ; whereas the offence denounced in the statute applies only
to the " owners or employers," or to persons having the "care and con-
trol " of any slaves. *Held,* that the term " agent " employed in the
description of the party charged, was properly treated as surplusage.

The evidence offered for the state only makes out a *primâ facie* case of guilt
against the accused ; and taking all the testimony together, it was not, in
our opinion, sufficient to warrant a conviction.

IN error from the circuit court of Hinds county ; Hon. P. W.
Tompkins, judge.

The facts of the case are sufficiently stated in the opinion
of the court.

*Potter*, for plaintiffs in error.

*S. Tifft*, in *propriâ personâ*, on the same side.

*Glenn*, attorney-general, for the state.

Mr. Chief Justice SMITH delivered the opinion of the court.

The plaintiff in error was convicted in the circuit court of
Hinds county of a violation of the 8th section of the statute,
passed February 26, 1842, in relation to free negroes and mu-
lattoes. He made a motion to quash, and a motion for a new
trial, which were overruled in the circuit court. Exception

was taken to the decision on the latter motion, and the evidence offered on the trial was embodied in defendant's bill of exceptions.

The case was brought into this court by writ of error; and the grounds relied on for a reversal of the judgment are, —

1. That the indictment is defective and insufficient.

2. That the court erred in the instructions given to the jury.

3. That the motion for a new trial was improperly overruled.

In support of the first objection it is contended, that by the averments of the indictment, the defendant was not brought within the provisions of the statute; that he is charged as the " agent and controller" of the slave named in the indictment. Whereas the offence denounced in the statute applies only to the owners, or employers, or to persons having the care and control of slaves.

To this objection it is sufficient to reply, that the term " agent" employed in the description of the party charged, was entirely unnecessary, and, taken in connection with the context, has no definite or precise meaning. Hence it was with propriety treated as surplusage.

We do not perceive that there is any ground for the other objections raised in argument by counsel. The statute is sufficiently descriptive of the offence, and its language is followed in the indictment.

From the view we take of the objection to the judgment on the motion for a new trial, it is unnecessary to notice the exceptions urged to the charges given to the jury.

Without examining in detail the whole of the testimony adduced on the trial, it is sufficient to observe, that there is no necessary conflict between the evidence adduced in support of the prosecution and that offered on the part of the defence. In which case it would become the peculiar and appropriate duty of the jury to weigh the evidence, and to decide according to its preponderance.

The evidence offered for the state made out a case *primâ facie* of guilt on the part of the accused, and no more. By that evidence it was sufficiently proved, that the defendant was the owner of the slave named in the indictment, and that

said slave did, at the time alleged, reside on a lot which did not adjoin that on which the defendant had his place of residence. This was sufficient to have authorized a verdict of guilty, in the absence of other evidence.

But by the evidence for the defence, it is directly and distinctly proved, that the slave in question, at the time alleged in the indictment, was under the care and control of another person. Here there was no necessary conflict. It might have been true, and the evidence shows it to have been so, that the defendant was the owner of the said slave, and that, at the time charged, such slave was quartered or did reside on a lot not adjoining to that on which the defendant had his place of residence; *non constat,* that he was under the care or control of defendant.

The credibility of the witnesses for the defendant was not impeached. It is nevertheless true, that the jury must have entirely disregarded their testimony. But as it appears to us on the record, it was altogether insufficient to warrant the verdict.

Let the judgment be reversed, and a new trial awarded in the circuit court.