## COMMONWEALTH *vs.* ALONZO D. RANDALL.

In a complaint which alleges that the defendant did make an assault on Lucy Ann Keach, and her did strike, with a ferule, " divers grievous and dangerous blows upon the head, back, shoulders and other parts of the body [of her the said Lucy Ann Leach, whereby the said Lucy Ann Leach was cruelly beaten and wounded, and other wrongs to the said Lucy Ann Leach then and there did and committed] to her great damage," the words above inclosed in brackets may be rejected as surplusage, leaving a sufficient charge of an assault on Lucy Ann Keach.

On the trial of an indictment of a schoolmaster for an assault on a pupil, the judge refused to instruct the jury that the defendant was criminally liable for punishing a pupil, only when he acted *malo animo,* from vindictive feeling, passion or ill will, or inflicted more punishment than was necessary to secure obedience; and not for error of opinion or judgment, provided he was governed by an honest purpose to promote the discipline and highest welfare of the school and the best interests of the child; and instructed them that, in inflicting corporal punishment, a teacher must exercise reasonable judgment and discretion, and be governed, as to the mode and severity of the punishment, by the nature of the offence, the age, size, and apparent powers of endurance of the pupil, and left it to the jury to decide whether the punishment was excessive. *Held,* that the defendant had no ground of exception.

COMPLAINT against a schoolmaster, for an assault and battery on Lucy Ann Keach, a pupil in the public school kept by him. The complaint averred that the defendant on the 17th of December 1853 at Palmer, " with force and arms, in and upon Lucy Ann Keach, in the peace of the said commonwealth then and there being, an assault did make, and her the said Lucy Ann Keach, with a ferule which the said Randall then and there in his right hand had and held, did strike divers grievous and dangerous blows upon the head, back, shoulders and other parts of the body [of her the said Lucy Ann Leach, whereby the said Lucy Ann Leach was cruelly beaten and wounded, and other wrongs to the said Lucy Ann Leach then and there did and committed] to her great damage, and against the peace of said commonwealth and the form of the statutes in such cases made and provided."

In the court of common pleas, the defendant, before trial, moved that the complaint be dismissed, because it was uncertain, repugnant and insufficient in law. But *Sanger,* J. ruled that the words above included in brackets might be rejected as

surplusage, and the complaint still be sufficient to hold the defendant to answer; and overruled the motion.

There was evidence that the pupil disobeyed a proper rule of the school, which had been published by the defendant to the school in her presence. The defendant introduced evidence to show that the pupil was obstinate, told falsehoods, and was insolent before and during the time of the punishment; and alleged that it was for all these faults that he inflicted the punishment. There was also evidence tending to show that the punishment was not very severe, till after the pupil had replied to him with insolent words and manner; and it was proved that the defendant ceased punishing when the pupil acknowledged her fault, asked forgiveness, and promised to behave better.

The defendant asked the judge to instruct the jury " that a school teacher is amenable to the laws in a criminal prosecution, for punishing a scholar, only when he acts *malo animo,* from vindictive feelings, or under the violent impulses of passion or malevolence; he is not liable for errors of opinion or mistakes of judgment merely, provided he is governed by an honest purpose of heart to promote, by the discipline employed, the highest welfare of the school and the best interest of the scholar; that he is liable in a criminal prosecution, for punishing a scholar, only when the amount of punishment inflicted is more than adequate to subdue the scholar, and secure obedience to the rules of the school."

The judge did not instruct the jury as requested, but instructed them " that a teacher had a right to inflict corporal punishment upon a scholar; that the case proved was one in which such punishment might properly be inflicted; that the instrument used (a ferule) was a proper one; that in inflicting corporal punishment a teacher must exercise reasonable judgment and discretion, and must be governed, as to the mode and severity of the punishment, by the nature of the offence, by the age, size and apparent powers of endurance of the pupil; that the only question in this case was whether the punishment in this case was excessive and improper; that if they should find

the punishment to have been reasonable and proper, the defendant could not be deemed guilty of an assault and battery ; but if, upon all the evidence in the case, they should find the punishment to have been improper and excessive, the defendant might properly be found guilty upon this complaint."

The jury returned a verdict of guilty ; and the defendant alleged exceptions.

*J. G. Allen*, for the defendant.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

Bigelow, J.   The mistake in the complaint was clearly a clerical one ; and, after striking out the defective portion of the allegation, it charges in apt and sufficient words an assault and battery on Lucy Ann Keach.   Courts of justice are disposed to treat as surplusage all erroneous and improper averments in complaints and indictments, when the residue of the allegations sets out the offence charged in technical language and with substantial certainty and precision.   The authorities are numerous and decisive on this point.   Archb. Crim. Pl. (5th ed.) 41, 107. *The King* v. *Morris*, 1 Leach, (3d ed.) 127.   *Commonwealth* v. *Hunt*, 4 Pick. 252.   *Commonwealth* v. *Pray*, 13 Pick. 359.   *Commonwealth* v. *Simpson*, 9 Met. 138.   [ *State* v. *Bailey*, 11 Foster, 521.]

The instructions given tended to justify the defendant in punishing his pupils with greater severity than is consistent with a just and humane exercise of the authority conferred on him by law.   To say the least, they were sufficiently favorable to the defendant.   If, in inflicting punishment upon his pupil, he went beyond the limit of moderate castigation, and, either in the mode or degree of correction, was guilty of any unreasonable and disproportionate violence or force, he was clearly liable for such excess in a criminal prosecution.   1 Hawk. c. 60, § 23. 1 Russell on Crimes, (7th Amer. ed.) 755.   Bac. Ab. Assault & Battery, C.   It is undoubtedly true that, in order to support an indictment for an assault and battery, it is necessary to show that it was committed *ex intentione*, and that if the criminal intent is wanting, the offence is not made out.   But this intent is always inferred from the unlawful act.   The unreasonable

and excessive use of force on the person of another being proved, the wrongful intent is a necessary and legitimate conclusion in all cases where the act was designedly committed. It then becomes an assault and battery, because purposely inflicted without justification or excuse. Whether, under all the facts, the punishment of the pupil is excessive, must be left to the jury. *Exceptions overruled.*