No. 382.

## CAMPBELL *v.* THE STATE.

INSTRUCTIONS TO JURY.—*Practice.—Criminal Law.—Bill of Exceptions.*—The only method by which instructions in criminal cases may be reviewed, on appeal, is by having them embodied in a bill of exceptions.

APPELLATE COURT.—*Weight of Evidence.*—The Appellate Court will not reverse a judgment on the evidence, if the evidence fairly tends to sustain it.

From the Monroe Circuit Court.

*J. R. East, R. H. East* and *E. Corr,* for appellant.

*A. G. Smith,* Attorney General, for the State.

REINHARD, J.—The appellant was convicted of selling intoxicating liquor without a license.

But two questions are made by the appeal. The first is in reference to the correctness of the instructions given, and the second as to the sufficiency of the evidence to sustain the verdict.

The first question can not be considered, because the instructions are not properly in the record. The only attempt to save the question upon their correctness was by endorsing an exception on the margin, dated and signed by the judge, as provided in section 535 of the statute. That section, however, has reference to civil causes, and the only method by which instructions in criminal cases may be reviewed, on appeal, is by having them embodied in a bill of exceptions. *Delhaney* v. *State,* 115 Ind. 499; *Meredith* v. *State,* 122 Ind. 514; *Van Dolsen* v. *State,* 1 Ind. App. 108.

It was not disputed that the appellant delivered intoxicating liquor to the person charged. There was a controversy as to whether it was a sale or a gift. The averment was that of a sale. But one witness testified for the State. He said he saw money passing over the counter in payment of the liquor, though he did not know how much. The appellant and other witnesses testified that no money was

passed, but that the liquor was given the party by the defendant. It seems the jury believed the one witness for the State rather than the greater number of the appellant's witnesses. We can not weigh the evidence for them. This rule is too well settled to need authority. Nor is it true, as claimed, that there was no evidence whatever upon which a conviction could lawfully be based. From the testimony of the State's witness the jury had a right to draw the conclusion that the transaction was a sale, and not a gift. They so determined and their verdict received the approval of the trial court. We do not feel warranted in disturbing it.

Judgment affirmed.

Filed Dec. 11, 1891.