Filed June 5, 1895.

———————◆———————

No. 1,501.

LEEPER v. THE STATE.

INSTRUCTIONS TO JURY.—*How Made Part of Record in Criminal Case.— Appeal.—Civil Practice.*—Before instructions in a criminal case will be reviewed on appeal, they must be brought into the record by bill of exceptions. Section 544, R. S. 1894, providing that exception may be written on the margin and dated and signed by the judge, has reference alone to civil practice.

SAME.—*Party Desiring Further Instructions Should Ask for Them.—No Statement in Record that it Contains All Instructions Given.*—Where it is charged as error that "the court failed to charge the jury upon all matters of law necessary for their information, as required by law,"

such assignment is unavailing where there is no statement in the record, and nothing to indicate, that the instructions in the transcript were all the instructions given in the cause; and it is unavailing for the further reason that if defendant desired further instructions upon any subject, he should have asked for them at the proper time and in proper manner.

From the Marshall Circuit Court.

*J. D. McLaren,* for appellant.

*W. A. Ketcham,* Attorney-General, *S. N. Stevens* and *S. Parker,* for State.

REINHARD, C. J.—This was a prosecution by affidavit, instituted before a justice of the peace for obstructing a public highway. Upon conviction the defendant appealed to the circuit court, where the case was tried by a jury, resulting in a verdict of guilty and the assessment of a fine of $1.

The only error assigned in this court is the overruling of the motion for a new trial.

The appellant has assailed several of the instructions given by the court. The instructions are copied into the transcript, but are not contained in the bill of exceptions. The appellant attempted to save his exceptions to the instructions under that section of the civil code which provides that the exception may be written on the margin and dated and signed by the judge. R. S. 1894, section 544 (R. S. 1881, section 535).

The provision of the statute, however, is not applicable to criminal cases. The only way in which instructions in criminal cases may be reviewed on appeal is by copying them into a bill of exceptions. *Campbell* v. *State,* 3 Ind. App. 206.

There is, therefore, no question presented respecting the correctness of any of the instructions.

It is further complained that the trial court failed "to charge the jury upon all matters of law necessary for

their information, as required by law." There are several reasons why this alleged error is not available. In the first place, the appellant, if he desired further instructions upon any subject, should have prepared such as he deemed to be correct and asked the court to give them. The statute itself provides that "if the defendant or his counsel desire special instructions to be given to the jury, such instructions shall be reduced to writing, numbered, and signed by the party or his attorney asking them, and delivered to the court before the commencement of the argument." R. S. 1894, section 1892 (R. S. 1881, section 1823), subd. 6. See, also, *Welsh* v. *State*, 126 Ind. 71; *Grubb* v. *State*, 117 Ind. 277; *Foxwell* v. *State*, 63 Ind. 539.

Another reason for holding that there is no available error in the matter complained of is that there is no statement in the record, and nothing to indicate, that the instructions in the transcript were all the instructions given in the cause. Hence, even if it were shown that proper instructions had been prepared and submitted by the appellant's counsel, and denied by the court, there would still be no reversible error, as it must be presumed that the court gave such instructions as covered all proper points included in those refused. *Grand Rapids, etc., R. R. Co.* v. *Cox*, 8 Ind. App. 29.

For these and other reasons that might be stated, there is no reversible error in regard to the matter complained of, concerning the failure of the court to give additional instructions.

The seventh cause for a new trial is that "the verdict is contrary to the law and the evidence." While the evidence is sharply conflicting and somewhat weak as to some of the facts necessary to make out a case, the record is not entirely void of evidence upon any essential point, and we can not undertake to weigh the evidence

in a criminal case any more than we could do so in a civil action. It would be fruitless to prolong this opinion by attempting to set out such portions of the voluminous testimony as in our opinion warranted the jury in finding the defendant guilty.

Judgment affirmed.

Filed June 6, 1895.