Drake *v.* The State.

## DRAKE *v.* THE STATE.

[No. 17,455. Filed Oct. 29, 1895. Rehearing denied May 28, 1896.]

CRIMINAL LAW.—*Indictment for Murder.*—*Surplusage.*—*Statute Construed.*—Where an indictment for murder in the charging part thereof alleged that "Ranph D. did unlawfully," etc., "kill and murder," etc., and an additional averment charged that the murder was committed with a revolver which "he, the said Ralph D., held in his hand," such second charge is mere surplusage and may be rejected under section 1756, R. S. 1881 (section 1825, Burns' R. S. 1894).

CRIMINAL PROCEDURE.—*Murder.*—*Indictment.*—*Sufficiency Of.*—An indictment for murder need not charge that the killing was done unlawfully, feloniously, purposely and with premeditated malice but will be sufficient if it charges that the acts which finally resulted in death were done unlawfully, feloniously, purposely and with premeditated malice.

APPEAL.— *Record.* — *Bill of Exceptions.*— *Statute Construed.*— The criminal code, section 1847, R. S. 1881 (section 1916, Burns' R. S. 1894), requires that a bill of exceptions "must be signed by the judge and filed by the clerk." And such filing must be after the bill is signed by the judge.

SAME.—*Rehearing.*—*Record.*—*Correction of by Certiorari.*—A rehearing will not be granted in order that a party may correct or perfect the record upon *certiorari.*

RECORD. — *Mistake of Trial Court.* — *Where Corrected.* — Where the record shows that the bill of exceptions was signed by the judge on November 16, and the bill was filed November 15, by the clerk, if the judge in fact signed such bill on the 15th day of November and the bill was filed thereafter on that day, such error is a mistake in the record of the court below and not in the transcript and can only be corrected by the court in which the mistake was made.

Drake v. The State.

SAME.—*Transcript.—Correction of Record of Proceedings in Trial Court.*—The transcript of the proceedings in a cause in this court cannot be corrected by *certiorari* until the mistake or defect in the record of the trial court is properly corrected by said court.

From the Decatur Circuit Court.   *Affirmed.*

*Hacker & Remy, J. D. Miller,* and *C. Ewing,* for appellant.

*W. A. Ketcham,* Attorney-General, *C. A. Korbly, S. H. Spooner, M. Moores, D. A. Myers, W. M. Waltman,* and *M. D. Emig,* for State.

MONKS, J.—Appellant was tried upon an indictment charging the crime of murder in the first degree, and found guilty of murder in the second degree.

There was a motion to quash the indictment, which was overruled, and this is complained of as error. The part of the indictment upon which the question is presented is as follows:   "That Ranph Drake, on the 1st day of June, 1893, at and in the county of Bartholomew, and State aforesaid, did then and there unlawfully, feloniously, purposely, and with premeditated malice, kill and murder one Ida Ward, by then and there feloniously, purposely, and with premeditated malice shooting at and against and thereby mortally wounding the said Ida Ward with a certain deadly weapon, commonly called a revolver, then and there loaded with gunpowder and leaden ball, which said revolver he, the said Ralph Drake, then and there had and held in his hands, of which mortal wound she, the said Ida Ward, then and there instantly died."

It is earnestly insisted by appellant "that it is not certain, from the wording of the indictment, whether it is "Ranph" Drake or "Ralph" Drake who is charged with having committed the offense.   It is not required that more be charged in an indictment than is necessary to adequately and accurately express the offense; and when unnecessary averments or aggravations are

introduced, they can be treated as surplusage and disregarded. It is a well settled rule of criminal pleading, however, that no allegation, though it may not have been necessary, can be rejected as surplusage if it is descriptive of the identity of that which is legally essential to the case. 1 Bishop Crim. Proced., section 485. Thus, an indictment for stealing a horse, it is alleged to be a black horse; the color need not be stated, but if stated, cannot be rejected as surplusage because it is made descriptive of the particular animal alleged to be stolen. In such case the color must be proven, and a variance in the proof of color is fatal. But allegations not essential to constitute the offense, which might be omitted without affecting the charge against the defendant, and without detriment to the indictment, are considered as mere surplusage, and may be entirely disregarded. *Kennedy* v. *State*, 62 Ind. 136; *State* v. *White*, 129 Ind. 153; *Mayo* v. *State*, 7 Tex. App. 342; *Rex* v. *Morris*, 1 Leach C. C. 127; *Rex* v. *Redman*, 2 Leach C. C. 536; *Queen* v. *Crespin*, 11 Q. B. 913, 63 E. C. L. 912; *Tifft* v. *State*, 23 Miss. 567; *Greeson* v. *State*, 6 Miss., on p. 42; *Commonwealth* v. *Randall*, 70 Mass. 36; *Commonwealth* v. *Hunt*, 4 Pick. 252; *U. S.* v. *Howard*, 3 Sumner, 12; *Farrow* v. *State*, 48 Ga. 30; 1 Bishop Crim. Proced., sections 481, 485, 487; Wharton Crim. Pract. and Plead., section 158.

If a name is immaterial, that is, if it is unnecessary to the statement of the offense, it may be rejected as surplusage, and will not vitiate the indictment. *Kennedy* v. *State, supra; Rex* v. *Morris, supra; Mayo* v. *State, supra; Commonwealth* v. *Hunt, supra; U. S.* v. *Howard, supra; Farrow* v. *State, supra.*

In *Commonwealth* v. *Hunt, supra*, the indictment charged that Alva Hunt, etc., in and upon one Peddy Harvey, etc., did make an assault and her, the said Peddy Hunt, did beat, wound, and ill-treat the said

Peddy Harvey, etc., to ravish," etc. The clause "and her, the said Peddy Hunt then and there did beat, wound, and ill-treat," was rejected as surplusage.

In *Commonwealth* v. *Randall, supra,* the charge was that "the defendant, with force and arms, in and upon Lucy Ann Keach, in the peace of the commonwealth then and there being, an assault did make, and her the said Lucy Ann Keach, with a ferrule which said Randall then and there in his right hand had and held, did strike divers grievous and dangerous blows upon the head, back, shoulders and other parts of the body (of her, the said Lucy Ann Leach, whereby the said Lucy Ann Leach was cruelly beaten and wounded, and other wrongs to the said Lucy Ann Leach then and there did and committed) to her great damage, and against the peace of said commonwealth," etc. It was held that the mistake was clearly a clerical one, that after striking out the part enclosed in brackets, which is the defective portion of the allegation, it charges an assault and battery upon Lucy Ann Leach. Bigelow, J., speaking for the court in that case, said: "Courts of justice are disposed to treat as surplusage all erroneous and improper averments in complaints and indictments, when the residue of the allegation sets out the offense charged in technical language and substantial certainty and precision. The authorities are numerous and decisive on this point."

In *Rex* v. *Morris, supra,* the indictment charged "that Francis Morris the goods and chattels above mentioned, so as aforesaid feloniously stolen, taken, and carried away, feloniously did receive and have; he the said Thomas Morris, then and there, well knowing the said goods and chattels last mentioned to have been feloniously stolen, taken, and carried away." The prisoner was found guilty. It was claimed that the conviction could not be supported for the reason

that the indictment charged two different persons, one of the name of Francis and the other of the name of Thomas. The point was reserved for the opinion of the twelve judges. Here was an error in using the word Thomas instead of Francis, and the judges held that the words "the said Thomas Morris" might be struck out as surplusage, and the indictment would be sensible and good without them.

The case of *Rex* v. *Redman, supra,* is to the same effect, except that the words rejected were not the name of the defendant.

In *Mayo* v. *State, supra,* the indictment, omitting the usual formal portion, was as follows: "That Eli Mayo, on the thirtieth day of July, one thousand, eight hundred and seventy-four, in the county of Houston aforesaid, in and upon one Ella Gann, a female then and there being of the age of eight years, unlawfully, feloniously, and willfully an assault did make; and that the said Eli Mayo, then and there being an adult male, and over the age of fourteen years, did then and there, unlawfully, willfully, and feloniously *and by force, threats, and fraud, then and there by him, the said Eli May, used and practiced upon the said female, Ella Gann, without the consent then and there of said Ella Gann,* ravish and have carnal knowledge of the said female, Ella Gann, by then and there having sexual intercourse with her, the said Ella Gann; against the peace and dignity of the State." There was a motion to quash, which was overruled. The court said: "Looking now to the indictment as copied herein above, we find that, if all that portion which we have italicized be treated as surplusage and stricken out, the indictment as eliminated will be amply sufficient to charge the offense. If they are immaterial and unnecessary, then, as we have seen, they may be treated as surplusage and rejected, and should be. With this

unnecessary portion rejected as surplusage, the motion to quash was without substantial foundation, and the court therefore did not err in overruling it."

In *Kennedy* v. *State, supra,* the indictment, after charging John Kennedy with the crime of murder, continued as follows: "And so the jurors, aforesaid, upon their oaths aforesaid, say that the said Frank Kennedy, the said Clarence Hensley, in the manner and by the means aforesaid, unlawfully, feloniously, willfully, and with premeditated malice, did kill and murder, contrary to the form of the statute," etc. This court held that the indictment was complete in its charge of murder without the addition of said clause, that the same was mere surplusage, and that the word Frank was a clerical error. That the case was clearly within the statute providing that indictments should not be quashed for certain defects. See also *State* v. *White, supra; Feigel* v. *State,* 85 Ind. 580; *Myers* v. *State,* 101 Ind. 379.

While many of the old forms set out the hand in which the instrument used to inflict an injury was held, it is not necessary to make the allegation, or prove it if made, and the indictment is sufficient without such allegation. *Dennis* v. *State,* 103 Ind. 142; *Welch* v. *State,* 104 Ind. 347; *Commonwealth* v. *Costley,* 118 Mass. 1; 1 Wharton Crim. Law, section 528; 1 Wharton Proced. of Indictments, 114, note L.

Under these authorities, it is clear that the allegation "which said revolver, he, the said Ralph Drake, then and there had and held in his hands," is surplusage, and, if eliminated, the indictment would be sufficient without it. Or, upon the authority of *Rex* v. *Redman, supra,* the words, "the said Ralph Drake," might be rejected as surplusage and the indictment would be "sensible and good" without these words.

This case clearly comes under the provisions of the

statutes that "No indictment or information shall be deemed invalid, nor shall the same be set aside or quashed, nor shall the trial, judgment, or other proceedings be stayed, arrested, or in any manner affected for any of the following defects: * * * *

"Sixth. For any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime and person charged. * * * *

"Tenth. For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." Section 1756, R. S. 1881 (section 1825, Burns' R. S. 1894).

We have referred to the name in the charging part of the indictment as "Ranph" Drake for the reason that counsel for appellant have so stated the name, in their brief, although the name may be read as "Rauph" Drake, and was probably so considered by the court below, but whether the name is "Ranph" or "Rauph," the result is the same.

It is urged that a motion to quash should have been sustained for the additional reason that the intent or purpose to kill must be alleged. That it is not sufficient to charge; that the acts which finally and eventually resulted in death were done unlawfully, feloniously, purposely, and with premediated malice; but it must be alleged that the killing was done unlawfully, feloniously, purposely, and with premeditated malice.

This is what is charged in the indictment, and the same is not open to the objection urged. The indictment charges that the appellant "did then and there, unlawfully, feloniously, purposely, and with premeditated malice, kill and murder Ida Ward," etc.

Indictments, however, which only charged that the acts which finally resulted in death, were done unlawfully, feloniously, purposely, and with premeditated

malice, have been held good in this court. *Henning* v. *State*, 106 Ind. 386, and cases cited.

There was no error in overruling the motion to quash.

The other errors assigned are: "2. That the court erred in overruling appellant's motion to discharge the jury and release the appellant. 3. That the court erred in overruling the motion for a new trial."

The second error presents no question, as the same is only a cause for a new trial.

It is insisted by appellee that what purports to be a bill of exceptions, containing the evidence, etc., is not properly in the record, for the reason that there is nothing to show that the same was ever filed in the court below, and that therefore no question is presented by the motion for a new trial.

The point made is sustained by the record. The criminal code requires that a bill of exceptions "must be signed by the judge and filed by the clerk." Section 1847, R. S. 1881 (section 1916, Burns' R. S. 1894). The statute is mandatory as to both the signing by the judge and the filing by the clerk. It is only when the bill of exceptions is "signed by the judge," and afterwards "filed by the clerk," and these facts are shown by the record that the same constitutes a part of the record and can be considered by this court. *Stewart* v. *State*, 113 Ind. 505 ; *Shewalter* v. *Bergman*, 132 Ind. 556, and cases cited; *Guirl* v. *Gillett*, 124 Ind. 501 ; *Mason* v. *Brody*, 135 Ind. 582; *Board, etc.*, v. *Huffman, Admr.*, 134 Ind. 1 ; *Hormann* v. *Hartmetz*, 128 Ind. 353 ; *Ayers* v. *Armstrong*, 142 Ind. 263 ; *Wenning* v. *Teeple*, 144 Ind. 189; *Prather* v. *Prather*, 139 Ind. 570; *Evansville, etc., R. R. Co.* v. *Meadows*, 13 Ind. App. 155 and cases cited; Elliott App. Proced., section 805.

Such filing must be after the bill is signed by the judge. *Ayers* v. *Armstrong*, and authorities cited, *supra*.

Drake v. The State.

The record in this case shows that the bill of exceptions was signed by the judge on November 16, 1894, and there is nothing to show that it was filed by the clerk after it was signed by the judge. The record states that what purports to be a bill of exceptions was filed in the clerk's office November 15, 1894, but not being at that time signed by the judge, it was not a bill of exceptions, and did not thereby become a part of the record. *Ayers* v. *Armstrong*, and authorities cited, *supra*.

It follows that what purports to be a bill of exceptions is no part of the record.

No question is therefore presented as to the action of the court in overruling the motion for a new trial.

Judgment affirmed.

### Opinion on Petition for Rehearing.

*Per Curiam*—Counsel for appellant, in the petition for a rehearing, ask "the court to grant a rehearing in order to enable the appellant to have his transcript corrected in this, to-wit: that the date of the signing of the appellant's bill of exceptions by the trial judge is erroneously stated therein as being the 16th day of November, 1894, when it ought to be the 15th of November, 1894, as shown by the affidavits herewith filed." It is urged that the rehearing be granted so that an order, commonly called a *certiorari*, may be issued for the amendment of the transcript.

It is a rule, established by an unbroken line of the decisions of this court, that a rehearing will not be granted in order that a party may correct or perfect the record upon *certiorari*. *Warner* v. *Campbell*, 39 Ind. 409 ; *Pittsburgh, etc., Co.* v. *Van Houten*, 48 Ind. 90 ; *Cole* v. *Allen*, 51 Ind. 122 ; *State, ex rel.*, v. *Terre Haute, etc., R. R. Co.*, 64 Ind. 297 ; *Merrifield* v. *Weston*, 68 Ind. 70 ; *Mansur* v. *Churchman*, 84 Ind.

573 ; *State* v. *Dixon*, 97 Ind. 125 ; *Board, etc.*, v. *Center Tp.*, 105 Ind. 422, and cases cited on p. 444 ; *Miller Admx.*, v. *Evansville, etc., R. R. Co.*, 143 Ind. 570 ; Elliott App. Proced., section 208.

Judge Elliott, in his work on App. Proced., at section 208, says: "The rule is well settled that amendments will not be permitted after the decision on appeal. The duty of parties is to see that the record is properly made up, and if they fail to move promptly in securing a correction or amendment, where amendments or corrections are necessary to make a perfect record or fully present the questions, their complaint will not be heeded. It is incumbent upon the party desiring the amendment or corrections to take the necessary steps to secure it before the record is finally acted upon, and he must see that the officers of whom duties are required perform those duties." It is no excuse for a failure to perform this duty that the attorney-general's brief, raising the question that the bill of exceptions was not in the record, was only filed a few days before the decision, and that he did not furnish appellant a copy thereof. It was the duty of appellant and his counsel to examine the transcript and ascertain if the same was correctly prepared, and to take timely steps to correct any errors therein. No excuse for failing to perform this duty is shown. Even if the attorney-general had not discovered the infirmity in the record and pointed it out, this court was not required to disregard the same and determine questions not in the record on account of the defective transcript. *Miller* v. *Evansville, etc., R. R. Co., supra.*

It will be observed that the petition for a rehearing proceeds upon the theory that the original bill of exceptions, signed by the judge, shows, over his signature, that it was signed by him November 15, 1894,

and that the clerk in copying said date erroneously wrote it November 16, 1894. What purports to be a bill of exceptions containing the evidence, which we have held was not a part of the record, for the reason that it was never filed in the clerk's office after it was signed by the judge, is the original instrument signed by the judge, and not a copy. The original instrument is signed by the judge, and over his signature is the statement that it was tendered to him on "the 16th day of November, 1894," and was signed by him "this November 16, 1894."

If the judge signed the bill on November, 15, 1894, and the same was filed in the clerk's office on that day, as claimed by appellant, then the date, November 16, 1894, contained in said original bill over the signature of the judge is a mistake in the record of the court below, and not in the transcript. Such mistakes can only be corrected by the court in which they were made. Elliott App. Proced., section 206.

It is only when a mistake or defect in the record of the trial court is corrected by said court on a proper application that the transcript of the proceedings in said cause in this court can be corrected by *certiorari.* It follows, therefore, that even if this cause had not been decided, that no order could issue to the clerk of the court below to correct the transcript concerning the date the bill was signed by the judge until the record was corrected in the court below, on a proper proceeding for that purpose.

The petition is therefore denied.