THE CITIZENS STREET RAILROAD COMPANY v. HEATH.

[No. 19,002.    Filed December 22, 1899.]

154  363
156  602

APPEAL AND ERROR.—*Certiorari.*—*Affidavits.*—Neither affidavits nor parol evidence will be accepted or considered for the purpose of contradicting the facts averred in a petition for a writ of *certiorari.* *p. 365.*

SAME—*Certiorari.*—*Record.*—A writ of *certiorari* will not be granted for the purpose of expunging from the bill of exceptions an exhibit embodied therein at the time the bill was signed and approved by the trial judge, where it is shown by the record that the original bill was filed in the clerk's office of the lower court instead of a transcript thereof.  *p. 366.*

SAME.—*Record.*—*Correction.*—*Certiorari.*—Where a paper through mistake, inadvertence, or otherwise, has been improperly made a part of the bill of exceptions the remedy is to apply to the lower court to have the bill properly corrected, and, when so corrected, it may be brought to the Supreme Court by a writ of *certiorari.* *pp. 366, 367.*

From the Hendricks Circuit Court. *Petition for certiorari granted in part and denied in part.*

*Ferdinand Winter, W. H. Latta, E. G. Hogate* and *J. L. Clark,* for appellant.

*W. J. Beckett,* for appellee.

JORDAN, J.—Appellee in this cause has filed an application for a writ of *certiorari* to be issued to the clerk of the lower court to correct certain alleged errors and omissions existing in the record of the appeal filed in this court. The application is duly verified by the oath of the petitioner, and substantially states that the plaintiff's bill of exceptions number two is defective in this:  That what purports to be Exhibit A at page 154 of the stenographer's report of the evidence, as incorporated in the bill of exceptions, is not the original Exhibit A, and is not a copy of the said exhibit; that appellee never at any time agreed to substitute what purports to be Exhibit A for the original thereof, and he never agreed that what purports to be such exhibit, in said transcript at

page 154, was a copy of the original Exhibit A, and never authorized any one to make an agreement for him to the above effect, etc.

It is further charged that the record in this cause is also defective in this:  That the complaint is not properly or correctly copied into the transcript; that what purports to be a copy of the complaint, as set forth in said transcript, commencing at page three and extending to and including page five, is not a true copy of said original complaint; that the clerk of the lower court, in copying said complaint, has omitted therefrom "words", "phrases" and "clauses"; and what appellee alleges is a true and correct copy of the complaint is set out in the petition.

It is further alleged and specified in the application that the words omitted by the clerk in transcribing said complaint are the following, to wit:  The words "as aforesaid" have been omitted between the words "signal" and "the", in line twenty-seven, page four of said transcript; also that the words "without fault on her part or part of plaintiff" have been omitted in said transcript between the words "back" and "causing", in line eleven, page five of the transcript. Also that the words "so received" have been omitted between the words "injuries" and "have", in line sixteen, page four of the transcript.  The transcript, it is charged, is further defective in this, to wit:  The word "execution" has been omitted from plaintiff's amended second paragraph of the reply to defendant's second paragraph of answer, and the word "exclusive" has been substituted therefor, in line sixteen, page fifty-two of the transcript.  What is alleged to be a perfect copy of the amended second paragraph of plaintiff's reply to defendant's amended second paragraph of answer is set out in the petition.  It is further averred that all of said omissions, insertions and erroneous entries are prejudicial to plaintiff's rights in this court, and that a correction of said record is necessary and material to the legal rights of appellee, and for a proper determination of said cause.

The petitioner prays that the court direct a writ of *certiorari* to issue requiring the clerk of the lower court to certify to this court the following original papers, to wit: (1) Plaintiff's original Exhibit A, or to show the fact, if any, as to why said exhibit can not be produced; (2) plaintiff's original complaint; (3) plaintiff's amended second paragraph of reply to defendant's amended second paragraph of answer, and for all other and proper relief in the premises.

Appellant, in response to notice, has appeared to this application, and strenuously insists that the petition for the writ be in all things denied. Numerous affidavits have been filed and presented to the court by appellant tending to contradict the averments of the application or petition. In order to rebut or countervail the matters and things stated in appellant's counter-affidavits, appellee has been diligent upon his part in filing and presenting affidavits; and an issue in respect to the truth of the averments of the application is, under these several affidavits, attempted to be raised by the parties, which this court is asked to determine upon the statements therein made by the respective affiants. This we decline to do, and it is needless, perhaps, to say that we have not considered the affidavits in question, for the reason that, under a well settled rule of practice pertaining to the hearing of a petition for a writ of *certiorari*, neither affidavits nor parol evidence will be accepted or considered by the court for the purpose of contradicting such petition. Ewbank's Manual, §212. While affidavits in support of a petition may be received and considered, still, as a general rule, when the petition is duly verified, and discloses merits under the facts therein stated, the court will usually grant the writ from the *prima facie* case presented under the petition. Vol. 4 Ency. Pl. & Pr. pp. 197, 198. Of course we may, and usually do, when it is deemed essential to a proper hearing of an application for a writ of *certiorari*, inspect the record on file in the particular appeal. A part of the relief demanded by the petitioner is that this court, by means of the

writ, expunge from the bill of exceptions what he denominates a "false exhibit". An examination of the record on file in this cause discloses that the bill of exceptions, embracing the evidence given upon the trial below, is the original bill filed in the office of the clerk of the lower court, and that the same, instead of a transcript thereof, has been, under the authority of the statute, duly certified to this court. It further appears, by inspection of the bill, that what purports to be Exhibit A, given in evidence, is copied into and made a part of said bill of exceptions. The trial judge, who signed the bill, certifies therein that it is a true and correct bill of exceptions containing all of the evidence given upon the trial of the cause.

The settling of a bill of exceptions, so as to cause it to express or speak the truth, is a judicial act, and it is the duty of the trial judge to ascertain if the bill is complete and correct before he signs it. Elliott's App. Proc. §§798, 810. This court has repeatedly asserted that a bill of exceptions, properly within the record of a cause on appeal, "imports absolute verity" and can not, in this court, be contradicted, except only such contradictions as affirmatively appear from the bill itself.

What the petitioner seems in part to be seeking, as previously said, is to have this court amend or change the bill in question by expunging therefrom the paper in dispute, which paper appears to have been embodied therein at the time the bill was signed and approved by the trial judge. If we were to make the change desired, it would not be correcting the record in this court so as to make it respond to the record as made below, but we would be making a record different from that made in the lower court. This, it is clear, we are not authorized to do. If the paper in controversy, through mistake, inadvertence, or otherwise, has been improperly made a part of the bill, then the remedy of the appellee is to apply to the lower court to have the bill properly corrected, and, when so corrected, it may be brought

to this court by a writ of *certiorari.   Drake* v. *State,* 145 Ind. 210; Elliott's App. Proc. §206; *Burton* v. *Ferguson,* 69 Ind. 486; Ewbank's Manual, §§34, 37.   In the case last cited, there was an attempt to show to this court, by affidavits, that the bill of exceptions in that cause was altered after it had been signed by the trial judge.   Worden, J., speaking for the court in that appeal, said:   "We can not try the correctness of a record on affidavit, but must take it as correct, as it comes up to us under the hand and seal of the clerk of the court below.   If it is wrong, the remedy of the party complaining is to have it corrected in the court below, and the corrected record may be sent to us on *certiorari.*"

So far as rule thirty-two of this court can be said to be in conflict with this opinion, in regard to the holding herein, that counter-affidavits will not be considered to contradict a petition for a writ of *certiorari,* it, to that extent, must be deemed to be rescinded.

We conclude, therefore, that appellee is entitled to be awarded the writ to have the complaint upon which the cause was tried below correctly certified to this court, and also to have certified his amended second paragraph of reply to the defendant's amended second paragraph of its. answer.   The petition, so far as it seeks to secure the writ to expunge Exhibit Λ, as it appears in the bill of exceptions, is, for the reasons stated, denied.   If the clerk of the lower court shall be satisfied that the pleadings mentioned herein, for which the writ is allowed, have been already correctly certified to this court, as they actually existed upon the trial of the cause, he can return the facts accordingly.   The clerk of this court will issue forthwith a writ of *certiorari* as herein directed.