Smith v. State.

---

SMITH v. THE STATE.

[No. 3,305.   Filed March 30, 1900.]

AFFIDAVIT.—*Authority of Officer to Administer Oath.—Jurat.*— Where it appears from the body of an affidavit that the person who administered the oath was a justice of the peace of the county, it is not necessary for it again to appear in the jurat to the affidavit. *pp. 418-420.*

EVIDENCE.—*Weight.*—A cause cannot be reversed on the weight of the evidence. *pp. 420, 421.*

From the Grant Circuit Court.   *Affirmed.*

*W. A. Kittinger, E. D. Reardon, W. S. Diven* and *J. A. Van Osdol,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores* and *C. C. Hadley,* for State.

WILEY, C. J.—An affidavit was filed before a justice of the peace, charging appellant with an assault and battery upon the person of one Kemp Scott. A warrant was issued for his arrest. He pleaded not guilty, and upon trial by the justice he was found guilty and a fine was assessed against him. From this judgment he appealed to the court below, where he again entered a plea of not guilty. A jury trial was waived, and, upon a trial by the court, he was again found guilty, and a fine of $25 was assessed against him, upon which judgment was entered. His motion for a new trial was overruled, and in this court he has assigned errors as follows: (1) That the affidavit is not sufficient to constitute a public offense; (2) that the court erred in 'overruling the motion for a new trial.

On page two of the record the following affidavit is set out in full, as follows: "Affidavit. State of Indiana, Grant County—ss.: Before William G. Holman, a justice of the peace in said county. State of Indiana v. Samuel N. Smith. Affidavit for assault and battery. Kemp Scott, being duly sworn, on his oath, says: That one Samuel N. Smith, late of said county, on or about the 12th day of August, A. D. 1899, at the county of Grant, State of Indiana, as affiant verily believes, did then and there unlawfully touch, strike, and beat one Kemp Scott, in a rude, insolent, and angry manner, being then and there contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

his<br>Kemp (X) Scott.<br>mark.

"Subscribed and sworn to before me this 19th day of August, 1899. William G. Holman, Justice. [Seal.] Re-

sworn to before me this 30th day of August, 1899. William G. Holman, Justice. [Seal.]"

On the preceding page of the transcript is the following entry: "State of Indiana v. Samuel N. Smith, No. 2,042. Be it remembered that heretofore, to wit, on the 1st day of September, 1899, the said plaintiff, by her attorney, William Amsden, filed in the office of the clerk of the Grant Circuit Court, her affidavit and transcript in this behalf, in the words and figures following, to wit:" Then follows the transcript of the justice. On the succeeding page appears what purports to be another affidavit, but an examination of the record clearly discloses that it is not an additional affidavit, but merely a copy from the docket of the justice, as made and entered by him. This is made manifest by an explanation of the record. Immediately preceding what appellant's counsel are pleased to call an affidavit, and upon which they say the case proceeded to trial, is the following: "State of Indiana v. Samuel N. Smith. No. 1,026. Assault and Battery. August 19, 1899." Immediately following this is this entry: "Comes now the State by her attorney, * * * and files the affidavit of Kemp Scott, a competent person, charging the defendant with having on or about the 12th day of August, 1899," etc. Then follows, in the language of the affidavit, the description of the crime charged, together with the name of Kemp Scott, as it appears in the affidavit and also the jurat of the justice. And then follows this entry: "Upon which affidavit a warrant was duly issued for the arrest of said defendant," etc.

The record proceeds by showing the arrest, trial, and conviction before the justice. It is sheer subterfuge from this showing to say, as contended by appellant, that the record shows he was placed upon his trial on an insufficient affidavit, and that for this reason the judgment should be reversed. This position is wholly untenable and without merit.

But counsel further say that the jurat is insufficient, for

the reason that it does not show that the affidavit was sworn to before an officer authorized to administer an oath. As this objection, if it be an objection, goes to the jurat to the affidavit on page two of the record, which is copied in full above, we will briefly consider it, and see if it is well taken. The jurat of which complaint is made is as follows: "Subscribed and sworn to before me this 19th day of August, 1899. William G. Holman, Justice. [Seal.]" This shows that Kemp Scott made the affidavit; that he subscribed his name to it by mark, and that he was duly sworn to it before an officer authorized to administer an oath. It having once appeared in the affidavit that William G. Holman was a justice of the peace in and for Grant county, Indiana, it was not necessary for it to again appear in the jurat to the affidavit.

Counsel for appellant, in their brief say: "The affidavit upon which the appellant seemed to have been prosecuted in this case is set out on page three of the record." In this they are in error, as we have seen, for there is no independent, separate, affidavit on page three, but only a record entry made by a justice of the peace, into which he copied some of the principal recitals in the affidavit, which had been filed with him, and which appears in full on page two of the record. Both the affidavit upon which appellant was tried, and the jurat thereto, were sufficient.

Counsel for appellant have filed a brief of many pages in which they review the evidence and argue that it is insufficient to support the finding and judgment. It is not contended that there is a total failure or absence of evidence upon any material point, but they insist that the evidence on behalf of appellant was sufficient to show that he was not guilty of the crime charged. We are thus asked to review the evidence, to weigh it, and thus to say by our decision that the judge who tried the case, who had the witnesses before him, who saw them and heard them testify, who observed their demeanor, their manner of testifying, their

Smith *v.* State.

conduct while on the witness stand, and who was cognizant of all the facts, surroundings, and circumstances which were proper and competent to be considered by a trial judge in determining the weight of the evidence and the credibility of witnesses, committed an error of judgment as to the facts. This we are precluded from doing where there is evidence to support the finding. True, there is a very sharp conflict in the evidence. There is much evidence in the record from which the court might have reached a different conclusion, but there is ample evidence to support the finding and judgment. Many more witnesses testified on behalf of the appellant than the State, but, as was said by this court, in *Campbell* v. *State*, 3 Ind. App. 206: "It seems the jury believed the one witness for the State rather than the greater number of the appellant's witnesses. We can not weigh the evidence for them." See, also, *Haase* v. *State*, 8 Ind. App. 488. In the recent case of *Keesier* v. *State*, 154 Ind. 242, the court, by Dowling, J., said: "The evidence was conflicting, but, if the witnesses for the State were believed, there was amply enough to sustain the verdict. It was the especial province of the jury to weigh the conflicting statements of the witnesses, to determine the question of the credibility of each, and to decide what facts were proved. The presumption is that they performed their duty intelligently and properly, and this court can not reexamine the grounds of their decision, or weigh the evidence upon which that decision rested." In *Smith* v. *State*, 154 Ind. 107, Hadley, C. J., said: "The evidence is in sharp conflict. We have no power to weigh it, and hence can not disturb the judgment."

There being evidence to support the finding, and as we are precluded from weighing the evidence, we can not order a reversal on the evidence. Judgment affirmed.