## Botkins *v.* The State.

[No. 5,637.   Filed October 4, 1905.]

1. INDICTMENT AND INFORMATION.—*Surplusage.*—*Statutes.*—*Intoxicating Liquors.*—An affidavit charging that defendant did "unlawfully suffer, allow and permit a person other than himself or member of his family" to be in his saloon during prohibited hours is sufficient, "suffer" and "allow" being treated as surplusage under the statute (§1825 Burns 1901, §1756 R. S. 1881) providing that "no indictment or information shall be deemed invalid" for surplusage.  p. 180.

2. APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting evidence in a criminal case. p. 181.

3. NEW TRIAL.—*Evidence.*—*Intoxicating Liquors.*—*Permitting Person in Saloon During Prohibited Hours.*—Where the saloon-keeper intrusted his bartender with the key to his saloon and at the time of such saloon-keeper's arrest he admitted that he had told such bartender to be more careful and not let the marshal see him in the saloon, the Appellate Court will not set aside a verdict of guilty, upheld by the trial judge, because of the alleged insufficiency of the evidence.  *Wilson* v. *State,* 19 Ind. App. 389; *Rosenbaum* v. *State*, 24 Ind. App. 510, distinguished.  p. 184.

. From Adams Circuit Court; *R. K. Erwin,* Judge.

Prosecution by the State of Indiana against L. G. Botkins.   From a judgment of conviction, defendant appeals. *Affirmed.*

*Shaffer Peterson* and *S. A. M. Butcher,* for appellant.
*Charles W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *W. C. Geake,* for the State.

MYERS, P. J.—Upon affidavit and information based upon §7283c Burns 1901, Acts 1895, p. 248, §3, appellant (who has no other christian name), a retail liquor dealer, was tried and convicted in the court below of permitting William Hall to go into a room kept by appellant for the sale of intoxicating liquors, and at a time when the sale of such liquors was prohibited by law, said Hall not being a member of appellant's family. From a judgment against appellant he prosecutes this appeal, and assigns as error: (1) The overruling of his motion to quash the affidavit and information.

The information follows the affidavit and charges that "said L. G. Botkins, being then and there the holder of said license, * * * did then and there upon a day when the sale of such liquors was prohibited by law, to wit, on Sunday, the 29th day of May, 1904, unlawfully suffer, allow and permit a person other than himself or member of his family, to wit, one William Hall, to then and there go into such room." Appellant contends that the information does not substantially follow the language of the statute, and is therefore bad. The pleader uses the words "suffer" and "allow" in addition to the word "permit," as found in the statute. In this particular we can not agree with appellant's contention. The words "suffer" and "allow" may be treated as surplusage, and with such disposition of these words the information sufficiently charges the offense as defined by §7283c, *supra.* Any other disposition of this question would be in conflict with §1825 Burns 1901, §1756 R. S. 1881, which expressly provides that no indictment or information shall be quashed on account of the use of "any surplusage or repugnant allegation, when there is sufficient matter alleged

to indicate the crime and person charged." See *State* v. *White* (1891), 129 Ind. 153; *Musgrave* v. *State* (1893), 133 Ind. 297; *Drake* v. *State* (1896), 145 Ind. 210; *Fisher* v. *State* (1891), 2 Ind. App. 365.

Appellant· assigns as error: (2) The court erred in overruling his motion for a new trial. By his motion for a new trial, appellant asserts that there is no evidence to support the verdict; that the verdict is contrary to the evidence, and is not sustained by the evidence. The uncontradicted evidence shows that, at the time of the alleged violation, appellant's business was that of selling intoxicating liquors, and the place where carried on, in a room fronting on·Line street, in the town of Geneva, Adams county, Indiana; that William Hall was his bartender, and at the time not a member of his family; that, with the knowledge and consent of appellant, Hall had a key to the door of appellant's barroom; that on Sunday, May 29, 1904, by means of said key, Hall unlocked the door and entered the room and place where the business of appellant was carried on; that others were in a room immediately in the rear of appellant's barroom, the two rooms being connected by an open door. Oren E. Whiteman, a witness for the State and marshal of the town of Geneva, testified that he saw Hall in the saloon and that Hall and two other persons and himself left said rear room through a door leading to the alley, and that within a few minutes after leaving Hall he met appellant near the front door of the saloon, and told him that he had caught Hall "in there [meaning the saloon] again," and in response appellant said: "I have told him to be more careful about going in there. I told him to be more careful and not let you see him there." As to what was said between appellant and the witness upon this occasion there is sharp conflict. Appellant testified that he had ordered Hall to keep away from and out of his place of business during prohibited hours, and that he did not know Hall was in the

saloon, and that he was not in there with appellant's consent or permission. Hall corroborated the evidence of appellant. Fen Reynolds, another of appellant's barkeepers, also testified that he heard appellant give Hall orders to stay out of the saloon on Sunday.

Appellant insists that this case comes clearly within the cases of *Wilson* v. *State* (1898), 19 Ind. App. 389, and *Rosenbaum* v. *State* (1900), 24 Ind. App. 510. This court in deciding the case of *Wilson* v. *State, supra,* found that there was absolutely no evidence that Wilson permitted his bartender to go into the saloon, or knew he was there, or in any way assented to his being in there during prohibited hours. "On the contrary, the uncontradicted, unimpeached evidence is to the effect that appellant did all he could reasonably be expected to do to prevent the violation of the law at his place of business;" that Wilson was not in the city where his business was located, and had not been for more than a month prior thereto. Under substantially this state of facts, this court held, as a matter of law, that Wilson was not guilty, and reversed the case.

In the case of *Rosenbaum* v. *State, supra,* the proprietor of the saloon was indicted and convicted of selling intoxicating liquors on Sunday. Upon the trial it appeared that the liquor was sold by a bartender from a cold storage room belonging to Rosenbaum, and not in the room where he was engaged in business, and that his bartender had no key or means of ingress into the room where the business was carried on, and that Rosenbaum had no knowledge of such sale, nor did he consent thereto, and the sale was made in violation of his instructions to the bartender not to sell liquor on Sunday, under penalty of discharge.

The Wilson and Rosenbaum cases rest upon the theory that there was no evidence whatever from which an inference could be drawn tending to show a permit or consent by the principal to his agent or servant to do the un-

lawful act charged against the principal; while in the case at bar there is some evidence from which an inference of consent or a permit by appellant to his barkeeper to commit the violation might be inferred; as, for instance, intrusting the barkeeper with a key to the door of the room, which, under the law, he was forbidden to enter during prohibited hours, and the statement of appellant to the marshal on the evening of the day of the alleged violation. All of this evidence the jury had a right to consider as circumstances tending to show want of good faith in the order, not to enter the saloon on Sunday, given his bartender on Saturday evening.

The rule here applicable is aptly stated, and supported by authority, that "Where the defense is that the agent violated a direction or instruction requiring him not to make such sales, it must be shown that the order was given honestly and in good faith, and with the intention and expectation that it would be obeyed; and the question, whether or not the order was so given, is for the jury to determine." Black, Intox. Liq., §369.

So in this case, if the order of appellant to Hall to stay out of the room during prohibited hours was given in good faith and with the intention and expectation that it should be obeyed, and it was not obeyed, a conviction ought not to stand; but under the settled rules of law in this State this court is not authorized to disturb the judgment of the lower court based upon a verdict of a jury, unless the question presented is purely a question of law; and a question of law on the sufficiency of the evidence only arises where there is no evidence to support a fact essential to the upholding of the verdict. If there is any properly admitted evidence before the jury from which inferences might be drawn to sustain their verdict, the question then becomes one of fact, and within the exclusive control of the trial court, and is not within the province of this court at all. *Smith* v. *State* (1900), 24 Ind. App. 417; *Schnuer* v.

*State* (1897), 18 Ind. App. 226; *Shields* v. *State* (1897), 149 Ind. 395; *Braxton* v. *State* (1901), 157 Ind. 213; *Rosenbarger* v. *State* (1900), 154 Ind. 425; *Siberry* v. *State* (1896), 149 Ind. 684; *Madden* v. *State* (1897), 148 Ind. 183; *Deal* v. *State* (1895), 140 Ind. 354; *Cincinnati, etc., R. Co.* v. *Madden* (1893), 134 Ind. 462.

There is enough evidence in the record in this case, although exceedingly conflicting, to make the material question here presented one of fact and not of law; and, 3. if the jury fell into error, it is clearly a case where it was the duty of the trial court to correct such error in its ruling on a motion for a new trial. It is to be presumed that in passing upon the motion for a new trial the trial court took into consideration the opportunities and means it had of weighing such evidence, and its decision is conclusive upon this court. *Deal* v. *State, supra.*

Judgment affirmed.