## FERRIS *v.* STATE OF INDIANA.

[No. 25,010. Filed March 12, 1926.]

APPEAL.—*Proper remedy for omission of evidence from bill of exceptions stated.*—The proper remedy for supplying an omission of evidence from a bill of exceptions on appeal is to apply to the trial court to correct its record by a *nunc pro tunc* entry, making the bill of exceptions recite correctly the evidence which was introduced, and then apply to the appellate tribunal to order the amended bill of exceptions certified to it.

From Jay Circuit Court; *Roscoe D. Wheat,* Judge.

Willard Ferris, having appealed from a judgment of conviction, petitioned the Supreme Court for a *certiorari* to correct the transcript. *Writ refused.*

*Malcolm V. Skinner, George T. Whitaker* and *Morgan & Gillespie,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

PER CURIAM.—Appellant's petition for a writ of certiorari to correct the transcript is duly verified, and states that in the preparation of the longhand report of the evidence embraced in the bill of exceptions certified as part of the transcript, the reporter inadvertently omitted therefrom a certain written instrument designated as plaintiff's Exhibit A, which is recited at length in the petition; and this court is asked to order that a correct copy of the omitted exhibit be certified to the Supreme Court, in order that it may be incorporated in the bill of exceptions.

Appellant has mistaken his remedy. He should first apply to the circuit court to correct its record by a

*nunc pro tunc* entry, making the bill of exceptions to recite correctly the evidence which was introduced, including this exhibit, if it were part of such evidence; and then should apply to the Supreme Court to call up the amended bill of exceptions as part of the record on appeal. *Drake* v. *State* (1895), 145 Ind. 210, 220, 41 N. E. 799; Ewbank's Manual (2d ed.) §§214, 214a, 214b, 215; Elliott, Appellate Procedure §§206-211.

It not being shown that the transcript in this court now reads differently from the record made by the court below, the application for a writ of certiorari must be denied.    Certiorari refused.