■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RUFUS MAHONE, Appellant, against WALTER B. MARTIN, as Warden of Attica Prison, Respondent.— Order affirmed, without costs of this appeal to either party. Memorandum: The sole question here is whether a conviction under section 15A of chapter 265 of the Annotated Laws of Massachusetts would be a felony in New York State. We believe that a conviction under the above-mentioned section would require the same essential elements as a conviction under subdivision 4 of section 242 of the Penal Law of New York. "A dangerous weapon" under the Massachusetts statute is equivalent to "a weapon, or other instrument or thing likely to produce grievous bodily harm" under the New York statute. (See *Commonwealth* v. *Farrell*, 322 Mass. 606, 614.) It is argued that the absence of words similar to "willfully and wrongfully" in the Massachusetts statute is fatal to the use of the foreign conviction for the purpose of our multiple offender statute (Penal Law, § 1941). The Massachusetts statute does not define the elements of a criminal assault. In the absence of statutory definition, their courts apparently resort to common-law definitions of the words used by the Legislature. (*Commonwealth* v. *Webster*, 59 Mass. 295, 303.) The common-law cases are explicit in requiring proof of willfullness to sustain a conviction of assault. (*Commonwealth* v. *Randall*, 70 Mass. 36, 38, 39; see, also, *Commonwealth* v. *Adams*, 114 Mass. 323.) The cases reported since the passage of the Massachusetts statute speak in terms of wanton or reckless conduct. (See *Commonwealth* v. *McCan*, 277 Mass. 199, 203.) They hold that "Wanton or reckless conduct is the legal equivalent of intentional conduct". (See *Commonwealth* v. *Sostilio*, 325 Mass. 143, 145; *Commonwealth* v. *Welansky*, 316 Mass. 383, 401; *Commonwealth* v. *Byard*, 200 Mass. 175, 177, 178.) Thus the Massachusetts law meets the requirements of *People* v. *Olah* (300 N. Y. 96) and appellant was properly sentenced as a second offender. All concur. (Appeal from an order of Wyoming County Court dismissing the writ of habeas corpus and remanding relator to the custody of the warden of Attica Prison.) Present — McCurn, P. J., Vaughan, Williams, Bastow and Goldman, JJ.