Feigel v. The State.

———————

No. 10,604.

FEIGEL v. THE STATE.

CRIMINAL COURT.—*Absence of Regular Judge.—Appointment of Special Judge.*—The provisions of section 1381, R. S. 1881, are applicable to criminal courts as well as to civil courts; and where the regular judge of a criminal court fails to appear during term for a period of three days, it is competent for the proper county officers to elect a competent and reputable attorney to act and preside as judge of such court until the return of the regular judge.

CRIMINAL LAW.—*Indictment.—Surplusage.*—Where an indictment contains a sufficient charge of a public offence, mere surplusage will not vitiate such indictment.

SAME.—*Intoxicating Liquors.—Evidence.—Instructions.*—Where the evidence shows that the defendant, not being licensed to retail intoxicating liquors, sold the prosecuting witness " one drink " of whiskey, and there was no evidence that " one drink " was less than a quart, there was no error in refusing to instruct the jury that the defendant could not be found guilty. In such case the court's instruction to the jury, that before they could convict they must find, beyond a reasonable doubt, that the quantity sold was less than a quart, is a correct statement of the law applicable to the evidence.

From the Allen Criminal Court.

*S. M. Hench,* for appellant.

*F. T. Hord,* Attorney General, *C. M. Dawson,* Prosecuting Attorney, and *W. B. Hord,* for the State.

Howk, J.—In the record of this cause, under date of the 28th day of August, 1882, there appears an appointment in writing, signed by the judge of the court below, in substance as follows:

." I, Warren H. Withers, Judge of the Criminal Court of Allen County, being seriously ill and unable to attend and hold said court, do hereby appoint the Hon. Edward O'Rourke, Judge of the Allen Circuit Court, to act as judge of and hold ' said court for me and in my stead, until further orders.

"August 28th, 1882."

Thereupon Judge O'Rourke appeared and presided, pursuant to such appointment, as judge of the court below; and the grand jury, theretofore empanelled and sworn, came again, and, after receiving a further charge from the court, retired to their room, in charge of a sworn bailiff, to deliberate upon such matters as might lawfully come before them.

Afterwards the record shows that, on September 6th, 1882, Judge Warren H. Withers being present and presiding, the grand jury returned into open court, among others, an indictment against the appellant, charging him with an unlawful sale of intoxicating liquor, in a less quantity than a quart at a time; and, by order of the court, a bench warrant was issued for appellant's arrest.

The record contains another appointment of Judge O'Rourke by the judge of the criminal court, to hold the court; but it does not appear that anything was done in this case while Judge O'Rourke was presiding under that appointment.    It is then shown that, on the 21st, 22d and 23d days of September, 1882, there was no judge present to hold the court, and that, for that cause, the court was adjourned from day to day until the 25th day of September, 1882.   On that day, Judge Withers being absent and unable to hold the court, on account of sickness, the clerk and sheriff of the court and the auditor of the county appointed, in writing, the Hon. Edward O'Rourke, judge of the 38th judicial circuit, to hold the court during the absence and inability of Judge Withers to attend

and hold the court. Under this appointment Judge O'Rourke appeared and presided in the court below during the trial of this cause.

On appellant's arraignment and plea of not guilty, the issues joined were tried by a jury; and a verdict was returned finding him guilty as charged, and assessing his fine in the sum of $20. Over his motion for a new trial judgment was rendered on the verdict.

By several assignments of error, the appellant has called in question the right and capacity of the Hon. Edward O'Rourke to preside and hold the Allen Criminal Court, as judge thereof, under either of his appointments as such judge. The power of Judge Withers, the regular judge of the court, to appoint the judge of another court to hold his court during his sickness, may well be questioned, as it seems to us; but the question is one which we do not find it necessary for us to consider or decide in this case, and, therefore, we do not decide it. It may be assumed from the record of this cause, that Judge Withers presided in the court below when the grand jury were empanelled and sworn, and when they returned into open court the indictment against the appellant; and it does not appear that any proceedings were had in this case before Judge O'Rourke while he was holding court under his appointment from Judge Withers. The validity of that appointment, therefore, is not a material question in this case.

The record shows that during the trial of this cause Judge O'Rourke was presiding in and holding the court, under his appointment as judge by the clerk, sheriff and auditor of the county. Were these county officers unauthorized by law to make such appointment? This is the question we are required to decide. It is manifest, we think, that in making such appointment the county officers were acting under the provisions of section 1381, R. S. 1881. In this section it was provided as follows:

"If during any session of court, by reason of death, sickness, or other casualty, any judge shall be prevented from pre-

Feigel *v.* The State.

siding, so that the court will lapse; and if at any term of court the judge shall fail to attend, or during the term shall fail to appear for any period of three days,—the sheriff may adjourn the court from day to day. And on failure to so appear during the term, the clerk, sheriff, and auditor (and in case of the absence of either, either two, with the recorder of the county) may elect any competent and reputable attorney to act as judge; who, if he accept, shall qualify as other judges, and his appointment, with the reason therefor, and his oath shall be spread on the order-book. And such judge, so selected, may preside until the return of the regular judge, or in case of death, until his successor be named. And in any case of vacancy during term, or if the judge be required to be absent during term, such appointment may be made until a successor shall be named by the proper authority."

It will readily be seen that this section is broad enough in its provisions to cover the case now under consideration. The record of this case shows that, during the April session, 1882, of the court, the regular judge thereof was prevented, by reason of sickness, from presiding therein; that, on account of his sickness, the judge failed to appear for the purpose of holding court during that term, for a certain period of three days; and that, during that period of three days, the sheriff had adjourned the court from day to day. It was further shown that, after such failure of the judge to appear during the term for such period of three days, the clerk, sheriff and auditor of the county appointed Judge O'Rourke to act as judge of the court. His appointment was surely legal and valid; therefore, unless it can be correctly said that the section of the statute is not applicable to the appointment of a judge of a criminal court. This is the precise point which the appellant's learned counsel has presented and insisted upon, with much earnestness, in his elaborate brief of this cause. The question is by no means free from difficulty. The section quoted is section 261 of the act of April 7th, 1881, entitled "An act concerning proceedings in civil

cases." It is argued that it is clear from the title of the act, that the section of the act can only have reference to the judges of civil courts, and can not be construed as providing for the appointment of judges of criminal courts. This argument seems to us specious and unsound. It proves too much. It means, if carried to its logical result, that an appointed judge of a circuit court could only hold the court for the trial of strictly civil cases; and this, certainly, was not the intention of the Legislature in the enactment of the section quoted. On the contrary, we think it was the intention of the law-making power to provide, in this section, that no court should lapse by reason of the absence of the regular judge, and that the appointed judge should have power to hold the court for the trial of all causes, criminal as well as civil, pending therein.

In all the counties of this State, except Allen and Marion, the circuit court has jurisdiction of criminal as well as civil cases; and it is clear, we think, that the appointed judge of any such court could hold the same for the trial of any cause pending therein. It can not be that the Legislature intended to provide that appointed judges should have power to hold courts merely for the trial of civil cases, and not of criminal causes. On the contrary, it must be held that the legislative intent is shown in the language of the section quoted, that no court should lapse by reason of the non-attendance or non-appearance of the regular judge of the court. In this respect the provisions of the act are broad enough to embrace all courts, both criminal and civil; and we are not required to limit the plain language of the section quoted by judicial construction. Indeed, we think that public interests will be subserved by a liberal construction of the section quoted. Our conclusion is that the appointment of Judge O'Rourke by the county officers, to hold the court below, was a valid and legal appointment, and that the trial of the appellant before him as judge of the court, under such appointment, was a legal and valid trial.

The indictment was sufficient. It charged that the appel-

lant, not being licensed according to the laws of this State, unlawfully sold intoxicating liquor in a less quantity than a quart at a time, to a certain person, for a certain price. This was a sufficient charge of a public offence, the time and place having been given. The indictment contained some surplusage, but it is well settled that mere surplusage will not vitiate that which is otherwise good. The motion to quash the indictment was, we think, properly overruled.

It is insisted that the court erred in refusing to instruct the jury, at appellant's request, " That the jury must find, before they can convict the defendant, that 'one drink' of whiskey was a less quantity than a quart; and if there is no evidence to show that 'one drink' of whiskey was a less quantity than a quart, the defendant could not be found guilty." The court refused this instruction, but, of its own motion, charged the jury that they must find, beyond a reasonable doubt, that the quantity of intoxicating liquor sold was less than a quart, before they would be authorized to convict. Upon the record before us it is clear that the court, in refusing to instruct the jury as appellant requested, committed no error available for the reversal of the judgment. The motion for a new trial was correctly overruled.

We have found no error in the record which requires the reversal of the judgment.

The judgment is affirmed, with costs.