Robinson v. The State.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellees.

HOWK, J., dissents.

———————◆———————

No. 10,682.

ROBINSON v. THE STATE.

CRIMINAL LAW.—Evidence.—Coroner's Inquest.—Witness.—Where the proceedings at a coroner's inquest are regular, and the record is such as to be admissible in evidence, parol proof is not admissible of statements made by a witness at the inquest in answer to questions put by the coroner, or by another for the coroner.

From the Brown Circuit Court.

W. W. Browning, A. M. Cunning and G. W. Cooper, for appellant.

F. T. Hord, Attorney General, W. Dixon, Prosecuting Attorney, and W. B. Hord, for the State.

WOODS, C. J.—The appellant, tried upon a charge of murder, was found guilty of manslaughter, and sentenced to the State prison for seven years. The question made concerning the appointment of the judge pro tempore, who presided at the trial, has been settled adversely to the appellant. State, ex rel., v. Murdock, 86 Ind. 124; Feigel v. State, 85 Ind. 580.

Among the questions involved in the ruling upon the motion for a new trial we will consider but one. The others need not, or at least may not, arise upon a second trial of the case. The wife of the appellant testified in his behalf, and on cross-examination was asked, for the purpose of laying a foundation for impeachment, whether she did not, on her examination before the coroner at the inquest, make a certain statement inconsistent with her testimony. She answered in the negative; and, for the purpose of contradicting her, the

coroner was called, and, over objection by the appellant that parol evidence was not admissible to show the testimony of a witness at an inquest, that the coroner's written statement of the testimony delivered before him was the best evidence, and should be produced or its absence explained, was permitted to answer that she did make the statement imputed to her; that she made it in answer to a question put to her by Dr. Griffith just as she was leaving the witness stand; that Dr. Griffith was engaged at the time in making a *post mortem* examination of the deceased at the request of the coroner, and aided him in interrogating the witness; that he took down in writing such answers of the witness as he deemed material; that he did not take down the particular statement concerning which he had testified.

The admission of this testimony, over the objections made to it, was erroneous. It is shown that the testimony of the witness before the coroner was reduced to writing; the presumption is that it was all, so far as material, reduced to writing, and, as the law requires, "subscribed by the witness." *Woods* v. *State*, 63 Ind. 353; *Brown* v. *State*, 71 Ind. 470; Whart. Crim. Ev., section 667; 1 Greenl. Ev., section 227. These authorities declare the rule that where the proceedings before the coroner are regular, the record of the testimony taken before him will be the best evidence of what the testimony was, and parol evidence will not be received of anything not contained in the record; or, as Wharton states it, "the writing can not be varied by parol proof."

Even if it be competent to prove that statements were made at an inquest, and what they were, which were not reduced to writing, it is not competent to show by parol what the writing does not, any more than what it does, contain. The record of the proceedings must, if practicable, be produced; and if then it is found to be so irregular or imperfect as not to be admissible in evidence, other evidence may be adduced to show what testimony a witness delivered. *Brown* v. *State, supra.*

It is suggested by the attorney general, that the evidence in

this instance was proper, because it was of a statement made in answer to a question by Dr. Griffith, and not on the examination of the coroner. It appears, however, that Dr. Griffith was assisting in the examination, and his interrogatories were adopted and treated by the coroner as his own. Besides, the questions put to Mrs. Robinson and to the coroner and other witnesses, on the subject, called for what she had said " upon her examination " at the inquest.

Judgment reversed, with instructions to grant a new trial, and for that purpose the prisoner is ordered re-delivered to the sheriff of Brown county.