No. 15,911.

THE STATE v. WHITE.

CRIMINAL LAW.—*Grand Larceny.—Indictment.—Sufficiency of.—Surplusage. —Repugnant Allegations.*—An indictment for grand larceny is sufficient which, after omitting the surplus and repugnant matter contained therein, charges the defendant with feloniously stealing, taking and carrying away the personal goods of another, of the value of twenty-five dollars or upwards. Under our statute no indictment shall be quashed "for any surplusage, or repugnant allegations, where there is sufficient matter alleged to indicate the crime and person charged." See section 1756, R. S. 1881, subdivision 6.

From the Jay Circuit Court.

*A. G. Smith,* Attorney General, and *R. H. Hartford,* Prosecuting Attorney, for the State.

*J. J. M. La Follette* and *O. H. Adair,* for appellee.

OLDS, J.—The appellee was indicted for grand larceny. There was a motion made to quash the indictment, and sustained, and this ruling is assigned as error.

Omitting the formal averments of the indictment, it reads as follows: " That one Cassius I. White, late of said county, on the 13th day of March, 1888, at said county and State aforesaid, did then and there fraudulently and feloniously, without then and there having the consent of Adelma Lupton, embezzle and convert to his own use twenty-three head of cattle, of the value of eight hundred and seventy-three dollars and ninety-five cents, then and there delivered to the said Cassius I. White by the said Adelma Lupton, by then and there fraudulently and feloniously stealing, tak-

ing, and carrying away said cattle, the property of the said Adelma Lupton, from him, contrary," etc.

The statute, section 1933, R. S. 1881, provides that " Whoever feloniously steals, takes and carries, leads, or drives away the personal goods of another, of the value of twenty-five dollars or upwards, is guilty of grand larceny." The sixth subdivision of section 1756, R. S. 1881, declares that no indictment shall be quashed " for any surplusage, or repugnant allegation, when there is sufficient matter alleged to indicate the crime and person charged." The question to determine is whether, by the omission of all surplus and repugnant matter in the indictment, there still remain sufficient allegations "to indicate the crime and person charged." Omitting the surplus and repugnant matter, this indictment may be read as follows: The grand jury charge and present " that one Cassius I. White, late of said county, on the 13th day of March, 1888, at said county and State aforesaid, did then and there twenty-three head of cattle, of the value of eight hundred and seventy-three dollars and ninety-five cents, the property of the said Adelma Lupton, feloniously steal, take, and carry away."

It will be seen that this indictment charges the appellee with feloniously stealing, taking, and carrying away twenty-three head of cattle, of the value of $873.95, the property of Adelma Lupton. Omitting the surplus and repugnant matter, it alleges sufficient to indicate the crime and person charged substantially in the language of the statute defining the crime of grand larceny. It is true, the indictment is very awkwardly and badly drafted, and such form of pleading should not be encouraged by the courts; but it must be construed by giving due regard to the provisions of section 1756, *supra*; and by doing so the indictment is sufficient, and it was error to sustain a motion to quash it. *Feigel* v. *State*, 85 Ind. 580; *Myers* v. *State*, 101 Ind. 379.

It was the purpose of the statute to do away, as far as practicable, with technicalities in criminal pleading.

Judgment reversed, with instructions to the circuit court to overrule the motion to quash the indictment.

Filed Sept. 23, 1891.