## SHACKLETT v. STATE OF INDIANA.

[No. 24,940. Filed January 28, 1926. Petition for rehearing withdrawn September 17, 1926.]

CRIMINAL LAW.—*Uncorroborated testimony of an accomplice sufficient to sustain conviction.*—Under the provision of cl. 3, §2227 Burns 1926, §2111 Burns 1914, accomplices are competent witnesses, and a conviction on the uncorroborated testimony of accomplices will be sustained on appeal.

From Marion Criminal Court (57,414); *H. B. Pike*, Special Judge.

Wilbur Shacklett was convicted of receiving stolen goods, and he appeals. *Affirmed.*

*Ralph E. Jones, Alvah J. Rucker* and *B. Howard Caughran*, for appellant.

*Arthur L. Gilliom*, Attorney-General and *George J. Muller*, Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted of receiving stolen goods, the affidavit on which he was tried and found guilty having charged that Forrest Whitsell and Fred Jarvis stole an automobile motor of the value of $100 of the personal goods and chattels of Howland A. Johnson, and that appellant thereafter, on September 25, 1924, unlawfully and feloniously bought, received,

and concealed the same, well knowing it to have been feloniously stolen by said Whitsell and Jarvis, etc. Overruling the motion for a new trial is assigned as error, under which appellant insists that the finding is not sustained by sufficient evidence and is contrary to law.

The statute makes accomplices competent to testify as witnesses, when they consent to testify. Cl. 3, §2267 Burns 1926, §2111 Burns 1914, §235, Acts 1905 p. 584. And both of the persons alleged to have stolen the automobile were examined as witnesses. There was evidence to the following effect: That on September 10, 1924, an automobile owned by Howland Johnson was stolen by two boys, named Forrest Whitsell and Fred Jarvis, from where it was parked in North Capitol avenue in the city of Indianapolis; that Jarvis drove it to a garage on Broadway in said city, and put it in the garage, and that appellant came up there to 1821 Broadway, and he and a mechanic that he had employed got the motor from the stolen car out of the garage at that number on Broadway, and Jarvis helped them to lift it into another car; that appellant came there in a Cadillac car driven by himself to get that motor; that appellant had asked Jarvis and Whitsell if they could get him a motor, saying if they could, he could use it; that neither Jarvis nor Whitsell was in the automobile business or motor business at the time; that appellant knew they had stolen some automobiles, for they had talked to him about that, and it was after he knew that fact that he said if they could get hold of a good motor he could use it; that he would buy a motor and did not care where it came from; that Jarvis talked with appellant three or four times; that appellant told Jarvis he did not care where the motor came from; that when he said that, he knew Jarvis was stealing cars; that appellant knew (as Jarvis testified) that the car was

stolen; that appellant hired the mechanic to remove the motor from that car and put it into his wife's car, and promised to pay Jarvis for it as soon as the mechanic got it fixed in her car; that afterward, the stolen car, except the motor, was found in the garage on Broadway, and the stolen motor was found in the car owned by appellant's wife in a barn or garage on Alvord street in Indianapolis, where the said mechanic had been working on her car.

Counsel for appellant insists that the evidence was not sufficient to support an inference that appellant knew the motor was stolen. But if the trial judge believed the testimony of the witnesses, including the men who stole the car and sold it to appellant, as above set out, we think he was justified in drawing that inference. The evidence was not insufficient.

The judgment is affirmed.