## McQueary v. State of Indiana.

[No. 25,431.   Filed March 6, 1928.]

1. CRIMINAL LAW.—*Evidence considered on appeal when trial was by court without a jury.*—On appeal from a conviction for a criminal offense, when the trial was by the court without a jury, the same rule applies as when the trial was by jury, namely, that the only evidence considered in determining the sufficiency of the evidence is that which supports the finding.   p. 702.

2. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain conviction for maintaining liquor nuisance.*—Evidence held sufficient to sustain conviction for maintaing a liquor nuisance as defined in §2740 Burns 1926, although there was no evidence that intoxicating liquor was kept for sale or that any was sold or given away, there being evidence that people were permitted to resort to the place for the purpose of drinking intoxicating liquors as a beverage.   p. 703.

3. CRIMINAL LAW.—*Rule on appeal as to circumstantial evidence from which conflicting inferences might be drawn.*—On appeal from a conviction, where there was circumstantial evidence of such a character that two conflicting inferences might reasonably be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the Supreme Court to determine which inference should have been drawn by the trial court or jury. (*Hamilton* v. *State*, 142 Ind. 276, and *Manahan* v. *State*, 18 Ind. 297, shown to have been overruled).   p. 703.

4. CRIMINAL LAW.—The rule that the Supreme Court will not weigh conflicting evidence applies whether the same is direct or circumstantial or both.   704.

5. CRIMINAL LAW.—*Evidence considered on appeal in determining sufficiency of evidence to sustain conviction.*—In determining on appeal whether the evidence is sufficient to sustain a verdict or finding, only that evidence favorable to the state and the inferences and conclusions that might be drawn therefrom are considered, and evidence that contradicts the evidence supporting the verdict or finding will not be considered.   p. 704.

From Marion Criminal Court (60,659);   *James A. Collins,* Judge.

Homer McQueary was convicted of maintaining a liquor nuisance, and he appeals.   *Affirmed.*

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L. Gause,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was indicted by the grand jury of Marion county for maintaining a common nuisance. The charging part of the indictment is that "Homer McQueary and another, on or about the 23rd day of June, 1926, did then and there in the county of Marion, State of Indiana, then and there unlawfully maintain and assist in maintaining a common nuisance, to wit: a room, house, boat or place where intoxicating liquors were then and there manufactured, sold, bartered and given away in violation of the laws of this state, and where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage, and further that the appellant kept intoxicating liquors in and used the same in maintaining said place . . . ."

The appellant was arraigned and entered a plea of not guilty, and, on such plea, was tried by the court without a jury. The court found the appellant guilty as charged in the indictment and that he be fined $100 and costs, and be imprisoned on the Indiana State Farm for a period of sixty days. Judgment was rendered upon this finding and from such judgment this appeal is taken.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. The motion for a new trial contains two causes: (1) The finding of the court is not sustained by sufficient evidence; (2) the finding of the court is contrary to law.

The appellant claims that there is no evidence in this record that the appellant has done any of the things charged against him in said indictment. The evidence most favorable to the state shows that the appellant, at the time of the returning of this indictment and for more than a year prior thereto, had been keeping a place called the "Fall Creek Barbecue," a place located in Marion county in the State of Indiana. That during that time many persons had been seen to be intoxicated on the premises and several of them were arrested.

That many persons, during the year prior to the return of this indictment, had been seen at and about the place known as the barbecue intoxicated. That the general reputation of the Fall Creek Barbecue was that it was a place resorted to for the purpose of drinking intoxicating beverages. There was a dance hall there and many persons frequented the place during the day and sometimes at night as late as three in the morning. It does not appear that any intoxicating liquor was sold by the appellant or kept by him for sale at that place. Many officers testified that they had frequently visited the place and made several arrests during the month of June, 1926, and prior thereto. That many bottles had been seen around the premises and that officers had seen the help gather them up of mornings and throw them into Fall Creek. That they had examined some of the bottles and found that they had the odor of whisky and alcohol. That, during 1925 and the first six months of 1926, appellant was the owner of Fall Creek Barbecue. That sandwiches, coffee and soft drinks were sold at the place.

There was much evidence contradicting this evidence of the state, but, when a trial by the court without a jury is had, the same rule applies which is applied 1. to the verdict of a jury when considering a motion for a new trial. The evidence in such cases which supports the verdict or the finding of the trial court is the only evidence considered in determining whether the evidence sustains the verdict. The evidence was sufficient to sustain a finding that the barbecue was a place where persons were permitted to resort for the purpose of drinking intoxicating liquor as a beverage.

Section 2740 Burns 1926, provides as follows:

"Any room, house, building, boat, structure or place of any kind where intoxicating liquors are sold, manufactured, bartered, or given away in

violation of the laws of this state, or where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage, or where intoxicating liquor is kept for sale, barter, or gift in violation of the laws of this state, are hereby declared to be a common nuisance. . . ."

Under this statute, any person who maintains or assists in maintaining any place where persons are permitted to resort for the purpose of drinking intoxicating liquor as a beverage is guilty of a violation of this statute and subject to the punishment provided therein.  It is true that the evidence does not disclose that any intoxicating liquor was kept in such place for sale or for any other purpose nor that any was sold therein or given away, but the evidence fully supports the allegation that people were permitted to resort to such place for the purpose of drinking intoxicating liquors as a beverage.

It is true that the evidence is circumstantial, but circumstantial evidence is subject to the same rules as direct evidence, that is, where circumstantial evidence is such that two conflicting inferences may reasonably be drawn therefrom, one tending to prove the guilt of the accused and the other favorable to his innocence, it is not within the province of the Supreme Court to determine which inference should have controlled the trial court.  *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582; *Lowery* v. *State* (1925), 196 Ind. 316, 148 N. E. 197; *Hines* v. *State* (1926), 197 Ind. 575, 150 N. E. 371.

The appellant contends that when the evidence leaves standing some reasonable hypothesis of innocence there can be no conviction and that when the record discloses that fact to the appellate tribunal, a judgment of conviction cannot be affirmed, and cites *Hamilton* v. *State* (1895), 142 Ind. 276, 41 N. E. 588, and *Manahan* v. *State* (1897), 18 Ind. App. 297, 47 N. E. 1076.

*Manahan* v. *State, supra,* is decided upon the authority of *Hamilton* v. *State, supra,* but *Hamilton* v. *State, supra,* has been expressly overruled on that point by *Lee* v. *State* (1901), 156 Ind. 541, 60 N. E. 299.   This rule is stated in *Lee* v. *State, supra,* as follows:   "Where the circumstantial evidence in a case is of such character that two conflicting inferences may be reasonably drawn therefrom, one  .  .  .  tending to prove the guilt of the accused and the other favorable to his innocence, then, under such circumstances, it is not within the province of the Supreme Court to determine which inference ought to control the jury."   This rule is laid down in *Deal* v. *State* (1895), 140 Ind. 354, 39 N. E. 930.

The rule that this court will not weight the evidence applies whether the same is direct, circumstantial or both.   *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169.

In considering whether the evidence is sufficient to sustain a verdict or finding, only that evidence which is favorable to the prevailing party is considered and, in this case, the state is the prevailing party, and the court will consider only the evidence most favorable to the state and the inferences and conclusions to be drawn therefrom and will not consider any evidence which contradicts this evidence of the state.

The evidence supports the finding and the finding is not contrary to law.

Judgment affirmed.