GMIL *v.* STATE OF INDIANA.

[No. 13,581.   Filed March 26, 1929.]

*Slack & Rinier* and *Floyd J. Mattice,* for appellant.
*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged by affidavit and convicted of maintaining a common nuisance, in violation of §20 of the act of 1917 (Acts 1917 p. 25), concerning prohibition of intoxicating liquors.  The penalty fixed was the minimum fine provided by statute for the offense charged, to which was added a small jail sentence.

The only question presented by this appeal is the sufficiency of the evidence.

In determining, on appeal, the question as to sufficiency of the evidence to sustain a finding or verdict of

guilty in a criminal case, only the evidence favorable to the State will be considered.   *McQueary* v. *State* (1928), 199 Ind. 700, 160 N. E. 291.

It appears from the evidence that on April 13, 1923, appellant leased a  building designated as "No. 1109 North Missouri street, Indianapolis, Marion county, Indiana," the premises to be used as a grocery store and residence.   Appellant took possession at the time  the lease was executed, and began operation of the grocery; the rent was continuously paid in appellant's name until July 18, 1924, and a receipt showing payment by appellant of the rent for the month of April, 1924, was introduced in evidence.   On May 5, 1924, two policemen, armed with a warrant authorizing a search of the premises, appeared at 1109 North Missouri street for that purpose.   When they arrived, they found appellant just outside the store.   The policemen entered and read the search warrant to a man by the name of Davis who was there making sales.   While the search warrant was being read, appellant went into the store and behind the counter, and remained in the store during the search. One of the officers testified that, while they were making the search, "Mr. Gmil went to wait on a customer, and stood behind the counter taking money for goods and putting the money in the drawer," and, when accused by the officer of being in the business of handling liquor, he replied, "Yes, and I have handled more liquor and sold more liquor when you fellows are asleep than you will make in all your lives, and you are not wise enough to catch me." · In the search, the officers found some intoxicating liquors, a jug, some whisky bottles, and some broken bottles under the floor in the rear part of the building.   A witness for the State by the name of McGlenn testified that he was present at the store when appellant ordered a gallon of whisky, the order being made over telephone, and that he was present when the

whisky was delivered to appellant; that it was brought in "in a burlap sack and taken into the back room," and that a bottle of whisky found in the store by the officers when they made the search was filled from the gallon jar which was taken to the back room. The witness further testified that he was in the back room when the officers came to make the search, and that appellant came back there and told him to "scoop the jar in the hole," and that witness, in response, did push the jar of whisky in a hole in the floor. One of the officers testified that, when making the search, they found below the hole in the floor a broken jar, which still contained a small amount of whisky. It also appears from the evidence that, at the time of the search, appellant lived in rooms above the store, and that the only way to get to the living apartment was by a stairway which had to be entered through a door inside the store-room. Without objection, two witnesses testified that the general reputation of the store as a place resorted to for the purpose of buying, selling and drinking intoxicating liquor as a beverage was bad, and that the store was located in Marion county, Indiana.

The record shows that this prosecution was begun in the city court of the city of Indianapolis; that a trial was there had which resulted in a conviction, from which an appeal was taken to the Marion Criminal Court. It appears that appellant has had two fair trials and two appeals. At the trials and on appeal to this court, he was ably defended by competent attorneys.

Affirmed.