## HINER *v.* STATE OF INDIANA.

[No. 13,679.   Filed April 18, 1929.]

*Ira M. Holmes,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was charged by affidavit filed

in municipal court of Marion county with the possession and sale of intoxicating liquor, in violation of §4 of the act of 1925 (Acts 1925 p. 144, §2717 Burns 1926). Trial in municipal court resulted in a conviction, from which an appeal to Marion Criminal Court was prosecuted. In the latter court, appellant was again convicted.

Sufficiency of the evidence to sustain decision is the only question presented to this court.

In determining, on appeal in a criminal case, whether the evidence is sufficient to sustain the finding of guilty, only the evidence favorable to the State is considered, and if there is competent evidence to sustain the finding of the trial court, the judgment must be affirmed. *McQueary* v. *State* (1928), 199 Ind. 700, 160 N. E. 291; *Gmil* v. *State* (1929), *ante* 19, 165 N. E. 695.

On the trial, the evidence consisted of the testimony of but two witnesses, the prosecuting witness and appellant who testified in his own behalf. The prosecuting witness testified that, in company with another, he went to the residence of appellant, and when appellant came to the door in response to call of witness, witness asked appellant for some liquor. Whereupon, appellant brought out one half-pint bottle filled with whisky, which witness purchased of appellant, paying therefor the sum of fifty cents, and that the transaction occurred in Marion county, State of Indiana, September 19, 1927. Witness further testified that when appellant appeared at the door of his residence, the man who had accompanied witness fled. The testimony of prosecuting witness, in so far as it relates to possession and sale of whisky, was contradicted by appellant as a witness in his own behalf, appellant giving his own explanation as to what took place at the time. It is evident that the trial court did not

believe appellant's story. It is not the law that the uncorroborated testimony of one witness is insufficient to sustain a conviction of one charged with a criminal offense. *Coger* v. *State* (1928), 200 Ind. 458, 163 N. E. 260; *Shacklett* v. *State* (1926), 198 Ind. 222, 150 N. E. 310. In cross-examination, appellant admitted that he had previously been convicted of violating the state liquor laws. Appellant has had two trials and one appeal before his appeal to this court. Two judges who saw the witnesses and heard them testify found him guilty as charged in the affidavit. The evidence is sufficient.

Affirmed.