## LINZIE *v*. STATE OF INDIANA.

[No. 13,676. Filed May 10, 1929. Rehearing denied July 31, 1929.]

*Anderson & Mayfield*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Donald R. Mote*, Deputy Attorney-General, for the State.

LOCKYEAR, J.—This cause was commenced by the filing of an affidavit in one count against the appellant in the Marion Criminal Court, in which he was charged with the crime of grand larceny.

Appellant filed his motion to quash the affidavit, which motion was overruled, to which ruling of the court appellant, at the time, excepted. Appellant waived arraignment and pleaded not guilty. Upon the issues thus joined, the cause was submitted to the jury for trial. The jury returned a verdict of guilty and fixed appellant's fine in the sum of $150, and that he be imprisoned on the Indiana State Farm for a period of nine months, upon which verdict of the jury, the court rendered a judgment. The errors relied upon for reversal of the judgment of the trial court are that the court erred in overruling appellant's motion to quash the affidavit, and the court erred in overruling appellant's motion for a new trial.

That part of the affidavit challenged by the appellant is that, "Paul Linzie, on or about the 30th day of December, 1927, at and in the county of Marion, and State of Indiana, did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of Carey S. Frye, Edward E. Frye, Mary A. Morgan, Sarah Kerr, Alice N. Rubush

and Emma B. Fitzgerald, corn then and there of the value of $400." The defendant moved the court to quash the affidavit on the grounds that the facts stated in said affidavit do not constitute a public offense, and that said corn, the subject of said larceny, is not described with sufficient particularity. It is contended by the appellant that the description of the property as "corn" is not sufficient and that the ownership of the property is not proved as alleged. We hold that the affidavit is sufficient and that the proof describes the property with sufficient certainty. An affidavit for larceny is sufficient which charges the defendant with feloniously stealing, taking and carrying away the personal goods of another of the value of, etc. *State* v. *White* (1891), 129 Ind. 153, 154, 28 N. E. 425; *King* v. *State* (1873), 44 Ind. 285; *Heath* v. *State* (1885), 101 Ind. 512.

The only error assigned that is properly presented in appellant's brief, to be considered by this court, is that the verdict of the jury is contrary to law.

A witness named Edward Frye testified that he lived on a farm in Franklin township, close to the town of Acton, and was the son of Eliza Frye; that the farm belonged to his mother, who was then deceased, and that she left as her heirs at law, Edward Frye, Carey Frye, Mary Morgan, Alice Rubush, Sarah Kerr, and Belle Fitzgerald. There were 900 to 1,200 bushels of corn on the farm in 1926. It was raised on the place in 1925. This corn belonged to the heirs of his mother. He says, "I saw the defendant, Linzie, at my house in April, 1926. He asked me if I had any corn to sell. I told him no, to see my brother, Carey Frye, the administrator. After I ate my dinner, I went to the woods about one-fourth mile away and later came to the house to get a drink of water and saw two trucks of corn loaded and saw the defendant there at that time. My house is

about twelve miles from Indianapolis. I then asked Mr. Linzie if he had seen my brother, Carey, and bought this corn and he said, 'yes.' He was loading the third load at the time. I turned around and went back to work in the woods. The truck that was being loaded was in the driveway between the double cribs. I saw Mr. Linzie the next day come back with three more loads of corn; the trucks took away something like about 1,000 of 1,100 bushels. I did not tell him to take the corn away, and he never paid me a cent for it. My brother, Carey, came down to the farm about the last day of April, I think, and called me out to his machine and talked to me about the corn. I did not see Paul Linzie after that until the day of the trial at Irvington. I did not know where he was for about a year after he got this corn, and I did not look for him, and don't know whether anybody else knew where he was."

His brother, Carey Frye, testified that he never had any telephone call from the appellant, and never sold him any corn.

The appellant testified that he telephoned to Carey Frye in Indianapolis and contracted with him to buy the corn, and that the witness, Edward Frye, went with him to the barn and helped him unfasten the door to the corn crib with a crowbar, and that he paid the said Edward Frye a part of the purchase price of the corn, all of which Edward Frye denied.

It is contended by the appellant that the evidence disclosed that he got possession of the corn in good faith; that it was taken in broad daylight during a period of ten days, in the presence of a large number of witnesses.

According to its verdict, the jury evidently believed that appellant gave a false account of the transaction by which he acquired possession of the property. Even so, the court will only consider evidence which is favorable to support the conviction, i. e.,

it will not weigh the evidence on appeal. *Humble* v. *State* (1928), 199 Ind. 653, 160 N. E. 41; *McQueary* v. *State* (1928), 199 Ind. 700, 160 N. E. 291; *Thompson* v. *State* (1928), 199 Ind. 697, 160 N. E. 293; *Winters* v. *State* (1926), 199 Ind. 719, 160 N. E. 294; *Lee* v. *State* (1921), 191 Ind. 515, 132 N. E. 582.

We are of the opinion that the verdict of the jury is sustained by the evidence and is not contrary to law.

Judgment affirmed.