## BOBRUK v. STATE OF INDIANA.

[No. 13,770. Filed July 31, 1929. Rehearing denied October 9, 1929.]

*George P. Rose,* for appellant.

*James M. Ogden,* Attorney-General, and *George W. Hufsmith,* Deputy Attorney-General, for the State.

REMY, J.—Appellant was convicted of having in his possession intoxicating liquor, in violation of §4 of the act of 1925 (Acts 1925 p. 144, ch. 48, §2717 Burns 1926).

Overruling motion for new trial is the only alleged error assigned; and the only reasons for new trial presented are that the finding of the court is not sustained by sufficient evidence, and that the court erred in overruling appellant's motion to suppress certain evidence obtained by a search warrant.

In determining, on appeal in a criminal case, whether the evidence is sufficient to sustain the finding of guilty, only the evidence favorable to the State is considered. *Hiner* v. *State* (1929), 89 Ind. App. 152, 166 N. E. 20.

It appears from the evidence that appellant and his wife operated a hotel and rooming house occupied exclusively by appellant and his family as their place of residence, being rooms on the main floor adjoining the hotel lobby, which was also known and used as a store-room; that, on October 6, 1928, police officers, armed with a search warrant, entered that part of the hotel occupied by appellant as his residence, and, while in a room adjoining the kitchen talking with appellant, the wife of appellant came in the room carrying in her hands

two glasses of whisky; that, upon seeing the officers, the wife said to her husband, "You are not as good lookout as your daughter"; that, in the kitchen, at the time, were two men, not members of appellant's family, sitting at a table, and in an intoxicated condition; that, upon being discovered by the officers, the two men left the premises.

It is argued by appellant that, under the evidence, the possession of the liquor, if any, was that of his wife, and is, therefore, insufficient to establish his guilt. The contention is without merit. It was in appellant's place of residence and in appellant's presence that the liquor was being carried by his wife. The remark of the wife to appellant, when she saw the officers, that he was not as good a lookout as his daughter was significant, as was also the presence of the two intoxicated men at the table in the adjoining room. The fact that appellant's wife had the actual possession of the whisky did not, under the evidence, render appellant less guilty, for it is well settled that all persons engaged in the commission of a misdemeanor are responsible, and each or all may be charged and convicted as principals. *Merrill* v. *State* (1911), 175 Ind. 139, 93 N. E. 857, 44 L. R. A. (N. S.) 439. The evidence is sufficient.

The search warrant did not direct a search of the entire hotel or rooming house, but only that part of the building occupied by appellant as his place of residence, which part was accurately described. The description of the premises is sufficiently specific. On the issue presented by the motion to suppress, the evidence showed that, after the filing of the affidavit, which was made on information and belief, and before search warrant was issued, the court heard the oral testimony of the police officer who had made and filed the affidavit, which testimony was, in

substance, that the officer had, on several occasions just prior to the time the search warrant was issued, observed appellant's place; that he saw many persons entering and leaving that part of the hotel occupied by appellant as his place of residence; that, on three or four occasions, he looked through the kitchen window and saw appellant's wife serving intoxicating liquor to men; that, on one occasion, he saw three men sitting around the kitchen table with glasses of whisky in front of them. The evidence is sufficient to show reasonable and probable cause for the issuance of the search warrant, and the court did not err in overruling motion to suppress. See *Gwinn* v. *State* (1929), 201 Ind. 420, 166 N. E. 769.

Affirmed.