## GEORGADES *v.* STATE OF INDIANA.

[No. 13,670.   Filed October 8, 1929.   Rehearing denied December 18, 1929.]

George P. Rose, for appellant.

Arthur L. Gilliom, Attorney-General, and Lesh & Lowther, for the State.

ENLOE, J.—The appellant was tried and convicted in the city court of Gary, upon a charge of maintaining a common nuisance in violation of §24 of the act of 1925 (Acts 1925 p. 144, §2740 Burns 1926), and from this conviction, he appealed to the criminal court of Lake county, where, upon a trial before the court, he was again convicted, from which judgment he prosecutes this appeal.

It appears from the record that, in the city court of Gary, the appellant seasonably filed his verified motions: (a) to quash the search warrant involved; and (b) to suppress all evidence and testimony. In the criminal court, these motions were refiled, a hearing had thereon, and the motions overruled, with exceptions to appellant. The cause then proceeded to a hearing upon the merits, with the results above stated, and this appeal followed.

The appellant first urges that the court erred in overruling his motion to quash said search warrant. There is no merit in this contention. After the search warrant had been served and the return thereon made, it had served its full purpose; it was then, to all intents and purposes, dead, having fully served its purpose. But, as to the motion to suppress, a different question is presented and we shall, therefore, consider the said ruling as to this motion.

It appears from the record that, before entering upon the trial upon its merits, there was a hearing upon the motions to quash and to suppress. At this hearing the affidavit for search warrant was placed in evidence. It was in the usual form and was made

upon "information and belief." The evidence disclosed that this affidavit was, after it was prepared, taken to the Hon. Cassius M. Greenlee, judge of the city court of Gary, who issued the search warrant in question. The search warrant, after setting out a copy of said affidavit, then continued:

"And whereas from oral evidence heard by me after said affidavit was filed, I have found that probable cause exists for believing that the things described in said affidavit are being concealed in or about the premises therein described and being there kept unlawfully and in relation to the offense named in the affidavit. You are therefore hereby commanded. . . ." The statement in the warrant that oral evidence was heard by the magistrate prior to his issuing the warrant was, upon this hearing, corroborated by the testimony of the magistrate who issued the warrant and also by the officer who made the affidavit, the magistrate also testifying that the evidence so heard by him satisfied him of the existence of probable cause. Both of these witnesses were called to testify upon such preliminary hearing by the appellant, but, after it had been developed that the testimony so given had not been reduced to writing, counsel for appellant not only did not offer any evidence as to what said testimony so heard was, but, when the police officer who made the affidavit, and who was, by the said magistrate, examined under oath as to his information touching probable cause, started to tell the court what he had, under oath, at said examination, told the said magistrate, he was, by counsel for appellant, stopped and not permitted to tell in detail the testimony he gave upon said examination. The position of counsel for the appellant as regards this matter, as stated in his brief herein, is: That as said testimony was not reduced to writing, the magistrate had no authority to issue the said warrant; that, where the facts which it is claimed

show probable cause are not embodied in the affidavit, and where there is, by the magistrate, an examination under oath, for the purpose of determining the existence of probable cause, the testimony so heard must be reduced to writing before the magistrate may lawfully issue a warrant for search. We cannot concur in this contention. Under the holding in *Wallace* v. *State* (1927), 199 Ind. 317, 157 N. E. 657, if the affidavit for search warrant does not state *facts* showing probable cause, it then becomes the duty of the magistrate, before issuing such warrant, to hear testimony upon the subject, and to determine judicially, from the facts so then given in evidence, whether probable cause exists. But we know of no law in this state, constitutional or statutory, which requires that the testimony so then heard by the magistrate must be reduced to writing.

Even if it should be conceded that the court erred in overruling said motion to suppress, yet it affirmatively appears that the appellant was not harmed thereby. The appellant, as before stated, was charged in this case with maintaining a common nuisance. Upon the trial of this case upon the merits, neither the affidavit for search warrant, the warrant, nor the officers return thereon was offered in evidence. The conviction rests upon evidence *aliunde*, which was introduced without any objection thereto challenging the validity of said warrant. The record discloses that no article or substance seized by the officers at the time of said search was offered in evidence upon the trial of this cause upon the merits. Upon such trial, the officer testified that they found upon the premises of appellant both wine and whisky; he testified as to the quantity of each so found, and as to where the same was found; that the appellant was there at the time; and also as to what was done with the wine and whisky so found. To the introduction of this testimony, there was no objection

offered based upon the ground of illegal search; the sole ground of objection stated was, that the return made upon the search warrant was the best evidence. This objection the court correctly overruled. Counsel for appellant, having made the one specific objection, waived all other objections to the competency of the offered evidence. In this state of the record, the error, if any, in overruling said motion to suppress became harmless. *Scott* v. *State* (1929), 89 Ind. App. 124, 165 N. E. 916.

The evidence abundantly sustains the finding of guilty, and there was no error in overruling appellant's motion for a new trial as to this specification.

We have examined each and all of the rulings of which complaint is made, as the same relate to evidence offered, and we find no error therein.

Appellant finally complains of the action of the court in the matter of taxing certain costs. The appellant filed a motion to retax the costs as to the fees of two named witnesses, and the action of the court with reference thereto, as disclosed by the order-book entry in reference thereto, shows that appellant's motion was sustained and the costs, as to the named witnesses, ordered retaxed. As to this action, the appellant has shown no error.

Affirmed.