SAVICH *v.* STATE OF INDIANA.

[No. 13,931.   Filed January 16, 1930.]

*Arthur E. Letsinger,* for appellant.

*James M. Ogden,* Attorney-General, and *V. Ed Funk,* Deputy Attorney-General, for the State.

LOCKYEAR, J.—The appellant was charged by affidavit in the Lake Criminal Court with unlawfully possessing intoxicating liquor and unlawfully maintaining and assisting in maintaining a nuisance. The issues were formed by the State filing an amended affidavit, whereupon appellant entered a plea of not guilty. The cause was submitted to the court without the intervention of the jury.

Appellant was found guilty on both counts of the amended affidavit and fined in the sum of $200, and sentenced to be imprisoned at the Indiana State Farm for a period of 90 days on each of said counts. Appellant thereafter filed his motion for a new trial, which was overruled by the trial court, in which motion it is alleged: That the finding of the court is contrary to law, and is not sustained by sufficient evidence on either count of the indictment; and that the court erred in permitting State's witness, Frank Cook, over the objection of defendant, to answer the following question propounded by the State's attorney: "Are you acquainted with the general reputation of the defendant's premises there during the two years just prior to October 6, 1928, as to its being a place resorted to by persons for the purpose of drinking liquor?" To this question, appellant objected. The objection was overruled, and appellant excepted. There was no error in

permitting the witness to say that he was acquainted with the reputation of the place. The witness was then asked to state whether it did or did not have that reputation, and to this question, the witness stated that it did. To this question and the answer thereto, appellant made no objection, and, therefore, cannot now complain.

Frank Cook, appellee's witness, testified that he is a police officer in Gary; that he arrested the appellant at 3647 Broadway, Gary; that he searched the rear building and found two one-gallon jugs full of moonshine whisky and one one-gallon jug about three-fourths full of moonshine whisky in a "hideaway" under the heating furnace in the basement of the residence; that he found six small glasses smelling of moonshine whisky in the store; that appellant was in the store and there were a couple of men under the influence of intoxicating liquor in the store building; that appellant occupied the premises during the two years prior to October 6, 1928; that witness had found intoxicating liquors there once or twice before within said time; that the witness had been a police officer three years and four months and seized hundreds of seizures of liquors; that he had examined the liquor there and it was moonshine.

Oscar Salzman testified that he was one of the officers that arrested appellant; that he tested the liquor and could tell the difference between wood alcohol and moonshine, and it was moonshine whisky.

Norris Broadwater testified that he was a police officer of Gary; that he saw the jugs found in the hole below the ash pit of the furnace; he was not in the store but in the basement of the residence; that he brought the jug shown to the prosecutor; and that it contained moonshine whisky fit for beverage purposes.

Evidence of finding liquor on the premises of appellant on one or more instances by an officer, and that the repu-

tation of appellant's premises for two years previous as being a place where persons resorted for the purpose of drinking intoxicating liquors, is sufficient to establish a nuisance charge. *McQueary v. State* (1928), 199 Ind. 700, 160 N. E. 291; *Van Tornhaut v. State* (1927), 199 Ind. 481, 157 N. E. 100; *Gmil v. State* (1929), 89 Ind. App. 19, 165 N. E. 695; §2744 Burns 1926.

The possession of more than a quart of intoxicating liquor shall be *prima facie* evidence that such liquor is kept for the purpose of unlawful sale; and the unlawful possession of intoxicating liquors kept for the purpose of sale is sufficient to constitute a nuisance. §2740 Burns 1926.

Appellant nowhere has set out in his brief what objections, if any, were interposed to the question complained of as being asked a State's witness relative to the reputation of appellant's premises; therefore, no question is presented to this court thereon for consideration. *Ex parte McAdams* (1925), 196 Ind. 184, 147 N. E. 764; *Dampier v. State* (1924), 194 Ind. 646, 144 N. E. 241; *McCrocklin v. State* (1920), 189 Ind. 254, 126 N. E. 678.

Judgment affirmed.