BOBRUK *v.* STATE OF INDIANA.

GEORGADES *v.* STATE OF INDIANA.

MISKOVICH *v.* STATE OF INDIANA.

[Nos. 25,731, 25,627, 25,773.   Filed May 17, 1932.]

*George P. Rose,* for appellants.

*Arthur L. Gilliom* and *James M. Ogden,* Attorney-Generals, *George W. Hufsmith, V. Ed Funk* and *Merl M. Wall,* Deputy Attorney-Generals, and *Lesh & Lowther,* for the State.

George P. Rose, of Gary, for petitioners Bobruk, Georgades and Miskovich.

James M. Ogden, Attorney-General, for appellee.

MARTIN, J.—These appeals were from judgments imposing fines and short term imprisonments for misdemeanors. They were pending in this court on March 12, 1929, the date on which §1, ch. 123, Acts 1929, §2377.1 Burns Supp. 1929 became effective, and, being within the class of cases covered by that law, were thereupon transferred to the Appellate Court, where they were decided (the judgment in each case being affirmed). *Bobruk* v. *State* (1929), 90 Ind. App. 97, 167 N. E. 548; *Georgades* v. *State* (1929), 90 Ind. App. 503,

168 N. E. 192; *Miskovich* v. *State* (1929), 90 Ind. App. 677, 168 N. E. 715.

The petitioners (appellants) contend, in petitions to set aside the orders transferring their appeals to the Appellate Court and to recertify them to the Supreme Court, (A) that ch. 123, Acts 1929, §2377.1 *et seq.* Burns Supp. 1929, under which jurisdiction of said appeals was vested in the Appellate Court, is invalid, and (B) that questions of constitutional law are involved in said appeals. The first contention was decided adversely to appellants' contention *In re Petitions to Transfer Appeals* (1931), 202 Ind. 365, 174 N. E. 812. Regarding the second contention, if constitutional questions were actually involved in and properly presented by petitioners' appeals, the Appellate Court did not have jurisdiction to decide the same. *In re Petitions to Transfer Appeals, supra; Pivak* v. *State* (1931), 202 Ind. 416, 175 N. E. 278, 74 A. L. R. 406.

The constitutional questions which petitioners contend were involved and presented in their appeals are: (1) That §31, ch. 48, Acts 1925, §2746 Burns 1926, concerning the issuance of search warrants for intoxicating liquors and distilling apparatus is in violation of §11, Art. 1, Indiana Constitution, §63 Burns 1926; and (2) that the evidence is not sufficient to show reasonable and probable cause for the issuance of a search warrant which is required by said section of the Constitution.

The constitutional validity of §31, ch. 48, Acts 1925, is no longer a question open to controversy. The Supreme Court, by decisions which are cited and followed by the Appellate Court in the instant cases (*Wallace* v. *State* [1927], 199 Ind. 317, 157 N. E. 657; *Gwinn* v. *State* [1929], 201 Ind. 420, 166 N. E. 769), has held that it is necessary to show to the issuing magistrate reasonable and probable cause for the issuance of a search warrant, either by positive al-

legation of facts in the affidavit or by sworn testimony, but such section of the statute is not unconstitutional. See *State* v. *Rocca* (1932), 180 N. E. Ind. 577. The transfer of these cases to the Appellate Court constituted a determination by this court that no constitutional question was involved therein, *Pittsburgh, etc., R. Co.* v. *Peck* (1909), 172 Ind. 562, 88 N. E. 939, and where the constitutionality of a law has been settled by this court, there is no constitutional question to be determined, and the jurisdiction of these cases being in the Appellate Court, they were properly transferred to and decided by that court, *Pittsburgh, etc., R. Co.* v. *Rogers* (1907), 168 Ind. 483, 81 N. E. 212.

Concerning the second alleged constitutional question, we have examined not only the opinions of the Appellate Court but the briefs filed in the cases as well. It is clear, as indicated by the opinions of the Appellate Court in these cases, that no question of the appellants' rights under the Constitution are involved. The determination of whether, under a certain state of facts reasonable and probable cause exists for believing that intoxicating liquor is concealed upon the premises of a person, under the rules as announced by this court, does not necessitate the determination of a question of constitutional law.

In addition to the failure of the appellants to show by their petitions that a constitutional question was actually involved in these cases and properly presented by their appeals, the petitions are insufficient because they were not filed within the proper time. Under the rule announced in *McCutcheon* v. *State* (1924), 194 Ind. 560, 143 N. E. 625, and followed in *In re Petitions to Transfer Appeals, supra*, a motion to set aside an order transferring an appeal from the Supreme Court to the Appellate Court, which is, in effect, a petition for a rehearing, must, in compliance

with Rule 29 of the Supreme Court be filed within 60 days from the time the Supreme Court made the order. These appellants (petitioners) did not within 60 days object to or take any action to contest such transfer, but, by counsel, appellants Georgades and Miskovich argued their cases orally in the Appellate Court, and, after judgment, each of the three appellants filed petitions for rehearing therein.

The petitions are dismissed.

### CONCURRING OPINION.

Treanor, J.—I concur in result but do not accept the implication that, this court by its act of transferring a case to the Appellate Court, determines finally the non-existence of a constitutional question; nor do I accept the implication that the raising of a constitutional question is precluded by reason of this court's having previously determined the particular question.

Travis, C. J., dissents.